# MERRIMACK RIVER SAVINGS BANK *v.* CITY OF CLAY CENTER.

## IN RE PROCEEDINGS FOR CONTEMPT.

No. 604. Argued January 26, 1911.—Decided February 20, 1911.

The force and effect of a decree dismissing a bill and discharging an injunction is neither suspended nor annulled as a mere consequence of an appeal to this court, even if supersedeas is allowed; but the Circuit Court has power to continue an injunction during such an appeal by virtue of its inherent equity power. Equity Rule 93.

While the Circuit Court has not only the power to continue an injunction in order to preserve the *status quo* pending an appeal but to take cognizance of violations of such injunction, it does not follow

that violating the injunction is not a contempt also of the appellate jurisdiction of this court and that question is not now decided.

Irrespective of an actual injunction order, the willful destruction or removal beyond the reach of this court of the subject-matter of litigation pending an appeal to this court is a contempt of the appellate jurisdiction of this court; and this is so even though it may also be a violation of the injunction below.

An appeal to this court must be regarded as pending and undisposed of until the mandate issues, even though a decision may have been announced. Defendants under order to show cause why they should not be punished for contempt for having, after decision in their favor but before mandate, destroyed the subject-matter of the litigation, are adjudged in technical contempt; but having under oath denied any intent of contempt and satisfied the court of their good faith, the vindication of the court is satisfied by discharging the rule on payment of costs.

THE facts, which involve questions of contempt for violation of injunction after decision of this court and before issuing of the mandate, are stated in the opinion.

Mr. F. L. Williams, with whom Mr. D. R. Hite and Mr. C. C. Coleman, were on the brief, for petitioner:

This court is possessed of the power to so deal with the property as to make its final decision and judgment effectual. This court and not the Circuit Court is the tribunal clothed with authority to maintain the status of the parties existing at the time an appeal is taken and thereby rendering it possible for its judgment and mandate to become effectual. Penn. R. R. Co. v. National Docks Co., 54 N. J. Eq. 647, 654; Evers v. Watson, 156 U. S. 527; citing McCormick v. Sullivant, 10 Wheat. 192; Ex parte Watkins, 3 Pet. 193; Kennedy v. Bank, 8 How. 586; Des Moines Co. v. Homestead Co., 123 U. S. 552, and Dowell v. Applegate, 152 U. S. 327.

The Circuit Court having passed upon the question before it and a right of appeal being given from its decision, neither the Circuit Court nor the parties had any right

to determine any question concerning this matter until the judgment and mandate of this court had been taken.

This court is not without jurisdiction to punish respondents for a violation of the injunctional order because such jurisdiction is in the Circuit Court which issued the order. *State* v. *Bridge Co.*, 16 W. Va. 864; *Gates* v. *McDaniel*, 4 Stew. & P. (Ala.) 69, distinguished, and see cases collated, 9 Cyc. 32; *People* v. *Horan*, 34 Colorado, 304, 338; *Wilkinson* v. *Dunkley-Williams Co.*, 141 Michigan, 409; *Bridge Co.* v. *Krieger*, 91 Kentucky, 625; *Lytle* v. *Railroad Co.*, 90 S. W. Rep. (Tex.) 316; *State* v. *Campbell*, 25 Mo. App. 640; *San Antonio St. Ry. Co.* v. *State*, 38 S. W. Rep. (Tex). 54, 59; *State* v. *Johnson*, 13 Florida, 33

Even if the case is one which the court in which it is pending eventually determines that there is want of jurisdiction, the injunctional orders of the court are not therefore void. *Williamson's Case*, 26 Pa. St. 9, 21; *Ex parte Wimberly*, 27 Mississippi, 437, 444; *Franklin Union No. 4* v. *People* (Ill.), 110 Am. St. Rep. 255.

As defining "subject-matter" for the purpose of determining jurisdiction, see *Union Depot Ry. Co.* v. *Southern Ry. Co.*, 100 Missouri, 61; *Dowdy* v. *Wamble*, 110 Missouri, 284; *Egan* v. *Wolever*, 127 Indiana, 306.

This court has the power and authority to maintain the status of the property pending the litigation, even though jurisdiction may eventually be denied. *United States* v. *Shipp*, 203 U. S. 563, 573.

It is contempt of the court in which an action is pending for a litigant to destroy, remove, or conceal the subject of the litigation, or do any other act in respect to the subject of the litigation, which may render nugatory the decision of the court. *In re Debs*, 158 U. S. 564, 598; *Wartman* v. *Wartman*, 29 Fed. Cases, 303, 306; *Richard* v. *Van Meter*, 20 Fed. Cas. 682, No. 11,763; *Morse* v. *District Court*, 29 Montana, 230; *Ex parte Kellogg*, 64 California,

343; *Cottier* v. *People*, 61 Ill. App. 17, 30; *Brooklyn School*
v. *Kearney*, 21 How. Prac. 74; *In re Reese*, 47 C. C. A. 87,
90; *Garrigan* v. *United States*, 89 C. C. A. 494; *State* v. *Pitts-
burg*, 80 Kansas, 710, 712.

A disclaimer or denial of an intention to be in contempt
of court or to violate the court's orders, does not purge the
accused parties of the contempt. *Wartman* v. *Wartman*,
29 Fed. Cases, 303, No. 17,210; *Cartwright's Case*, 114
Massachusetts, 230; *Sturoc's Case*, 48 N. H. 428; *People* v.
*Wilson*, 64 Illinois, 194; *Hughes* v. *The People*, 5 Colorado,
436, 453; *Plate Co.* v. *Schimmel*, 59 Michigan, 524; *Dodge*
v. *State*, 39 N. E. Rep. (Ind.) 745; 7 Am. & Eng. Ency. of
Law, 76; *State* v. *Simmons*, 1 Arkansas, 265; *Watson* v. *Citi-
zens' Bank*, 5 S. Car. 159, 182; North Carolina cases dis-
tinguished; see Rapalje on Contempt, § 121.

The right of a citizen to the protection of property from
destruction by violence should be, and is, zealously
guarded by the courts. The power of this court to pun-
ish for contempt is not limited or restricted by statutory
provisions. Thomas on Constructive Contempt, and
cases cited on p. 211.

The merits of the original action in respect to whether
the mortgage held by the appellant is in fact a lien upon
the property destroyed is not examinable in this pro-
ceeding. *Rodgers* v. *Pitt* (C. C.), 89 Fed. Rep. 424, 428,
429; 1 Beach on Injunctions, par. 250; 2 High on Injunc-
tions, § 1427; *Carroll* v. *Campbell*, 25 Mo. App. 639; 10
Amer. & Eng. Enc. of Pl. & Pr., p. 1105; *United States* v.
*Agler* (C. C.), 62 Fed. Rep. 824; *Blake* v. *Nesbet*, 144 Fed.
Rep. 279, 284.

*Mr. F. B. Dawes*, with whom *Mr. R. C. Miller* was on
the brief, for respondents:

This court has no power or authority to punish parties
for a violation of an order issued by the court from which
the appeal was taken even though the court below had

jurisdiction to issue such order. See 36 La. Ann. 942; *Barthet* v. *Judge*, 37 La. Ann. 852; *Gates* v. *McDaniel*, 3 Porter (Ala.), 356; *Gates* v. *McDaniell.*, 4 Stew. & P. (Ala.) 69; *Matthews* v. *Chase*, 41 Indiana, 358; *Telephone Co.* v. *Commissioners*, 10 N. E. Rep. 922; *S. C.*, 12 N. E. Rep. 136; *Dewey* v. *Superior Court*, 22 Pac. Rep. (Cal.) 333; *Balkum* v. *Harper*, 50 Alabama, 372; *Slaughter House Cases*, 10 Wall. 273; *Hovey* v. *McDonald*, 109 U. S. 150; and *Leonard* v. *Land Co.*, 115 U. S. 465; *State* v. *Dillon*, 8 S. W. Rep. (Mo.) 781; *Bettman* v. *Harness*, 26 S. E. Rep. (W. Va.) 270; *Champion Min. Co.* v. *Eureka Min. Co.*, 13 Pac. Rep. (Utah) 174; see *In re Whitmore*, 35 Pac. Rep. 524; *Sixth Avenue R. R. Co.* v. *Gilbert, E. R. R. Co.* 71 N. Y. 430; *Fitzsimmons* v. *Board of Canvassers*, 77 N. W. Rep. (Mich.) 632; *Lindsay* v. *District Court*, 75 Iowa, 509; *State* v. *Ritz*, 60 W. Va. 395; *Barnes* v. *Chicago Typographical Union*, 232 Illinois, 402; *State* v. *Davis*, 51 N. W. Rep. (N. D.) 942; 2 High on Injunctions, 4th ed., §§ 1431, 1698*a*, 1699; Beach on Injunctions, § 283; 1 Joyce on Injunctions, § 277; *Green Bay Canal Co.* v. *Norrie*, 118 Fed. Rep. 923. See *Voorhees* v. *Albright*, 28 Fed. Cas. 1274; *Kirk* v. *Milwaukee Dust Collector Co.*, 20 Fed. Rep. 501.

No order of any kind or character has ever been entered or made by this court, save and except an order made on October 24, 1910, dismissing the appeal for want of jurisdiction. This must mean that, according to the unbroken line of authorities, jurisdiction remains in the court below to punish for any infraction or violation of the orders of that court, and it follows as a necessary consequence that these parties cannot be found guilty of contempt of this court. The sole power to punish for contempt by a Federal court will be found in § 725 of the Judiciary Act. All proceedings in contempt in Federal courts are criminal in their nature and governed largely by the rules of criminal law and criminal procedure. See *Dowagiac Mfg. Co.* v. *Minnesota Plow Co.*, 124 Fed. Rep.

736; *Kirk* v. *Milwaukee Dust Co.*, 26 Fed. Rep. 501; *United States* v. *Berry*, 24 Fed. Rep. 780; *In re Ellerbe*, 13 Fed. Rep. 530; *D. & N. O. Ry. Co.* v. *A., T. & S. F. Railway Co.*, 16 Fed. Rep. 853; *Worden* v. *Searles*, 187 U. S. 516.

Even if it was within the power of this court to punish parties for disobeying an order granted by the court below, fines for the benefit of parties could not be inflicted at this time because if the case is ever heard on its merits it may turn out to be that the plaintiff in the case had no right to have its poles and wires upon the streets of the city. Punishment of a civil nature for the benefit of the parties cannot be inflicted until after the merits of the case have been passed upon. If such a penalty should be adjudged prior to the hearing on the merits on which the court should find the parties had a right to do the acts complained of and the other parties had no rights, the judgment punishing for the benefits of the parties would necessarily have to be set aside. *Besette* v. *Conkey*, 194 U. S. 196–638; *N. J. Patent Co.* v. *Martin*, 166 Fed. Rep. 1010.

MR. JUSTICE LURTON delivered the opinion of the court.

The Merrimack River Savings Bank filed a bill in equity in the Circuit Court of the United States for the District of Kansas claiming to be a creditor of the light and power company by bonds secured by mortgage upon its plant, property and franchises, against the city of Clay Center, the Clay Center Light and Power Company and certain individuals, officials of said city. The bill averred that the Clay Center Light and Power Company was a corporation owning and conducting a light and power plant at Clay Center under a perpetual franchise, authorizing it to place and maintain a line of poles and wires upon the streets of that city; that the city, claiming that its franchise had expired, had, through its coun-

cil, of which the individual defendants were members, required said company to remove its poles and wires from the public streets, and that the officials named as defendants were threatening to cut down its poles and destroy its wires thereon, and thus destroy all possibility of operating its plant, to the irreparable ruin of the security to which the complainant must look for the payment of its bonds. A temporary injunction was issued to prevent the destruction of the lines of poles and wires as threatened. A demurrer to the bill for want of jurisdiction in the Circuit Court as a court of the United States was sustained and the bill dismissed. An appeal to this court was allowed and the injunction continued pending the appeal. Upon a hearing in this court the appeal was dismissed without opinion.

The present petition alleges that after this court had made an order dismissing said appeal, but before any mandate had issued or could issue under the rules of this court, and pending the right of petitioners to file an application for a rehearing, since filed and now pending, certain of the defendants to said appeal, namely, George W. Hanna, O. L. Slade, W. D. Vincent, S. D. Tripp, and G. P. Randall, had, by force and violence, cut down many of the poles and destroyed much of the cable and wires stretched thereon, and had put the light and power company out of business and disabled it so that it could not exercise its franchise or carry on its operations. It is averred that the said defendants did thus destroy the subject-matter of the suit, knowing that this appeal was pending and that this court had not lost control over the controversy, and that no mandate had issued and could not issue under the rules. The petition concludes by praying that the individual defendants named be cited and required to appear before this court and "show cause, if any they have, why they should not be proceeded against as for contempt of this court." Such a

rule was made, and the defendants have appeared and made defense.

The respondents have moved to discharge the rule, because the petition fails to show that they have in any way violated any injunction, rule, order or mandate of this court. This is bottomed, first, upon the claim that the injunction which was continued pending the appeal to this court is the injunction of the Circuit Court, and that any violation is cognizable only in the Circuit Court, and second, upon the claim that if that be so, that the petition fails to show any facts which constitute a contempt of this court.

The plain purpose of the order continuing the injunction pending this appeal was to preserve the subject-matter of the litigation until the rights of the complainant could be heard and decided. It is well settled that the force and effect of a decree dismissing a bill and discharging an injunction is neither suspended nor annulled as a mere consequence of an appeal to this court, even if a supersedeas is allowed. *Slaughter-House Cases,* 10 Wall. 273, 297; *Hovey* v. *McDonald,* 109 U. S. 150, 161; *Leonard* v. *Ozark Land Co.,* 115 U. S. 465; *Knox County* v. *Harshman,* 132 U. S. 14. That the Circuit Court, to the end that the *status quo* might be preserved pending such appeal, had the power to continue an injunction in force by virtue of its inherent equity power is not doubtful. In *Hovey* v. *McDonald,* cited above, Mr. Justice Bradley for the court, referring to what had been said in the *Slaughter-House Cases* as to the effect of an appeal, said:

"It was not decided that the court below had no power, if the purposes of justice required it, to order a continuance of the *status quo* until a decision should be made by the appellate court, or until that court should order the contrary. This power undoubtedly exists, and should always be exercised when any irremediable injury

may result from the effect of the decree as rendered; but it is a discretionary power, and its exercise or non-exercise is not an appealable matter. In recognition of this power and for the purpose of facilitating its proper exercise in certain cases, on appeals from the Circuit Courts, this court, by an additional rule of practice in equity, adopted in October term, 1878, declared that 'When an appeal from a final decree, in an equity suit, granting or dissolving an injunction, is allowed by a justice or judge who took part in the decision of the cause, he may, in his discretion, at the time of such allowance, make an order suspending or modifying the injunction during the pendency of the appeal upon such terms as to bond or otherwise as he may consider proper for the security of the rights of the opposite party.' Rule 93."

Obviously this may include a continuance of an injunction which would be otherwise vacated.

Plainly the effect of continuing the injunction operated to continue in the Circuit Court such jurisdiction over the subject-matter of the litigation and of the parties as to enable it to preserve the *status quo* pending the appeal, including power to take cognizance of a violation of its injunction.

It does not necessarily follow that disobedience of such an injunction, intended only to preserve the *status quo* pending an appeal, may not be regarded as a contempt of the appellate jurisdiction of this court, which might be rendered nugatory by conduct calculated to remove the subject-matter of the appeal beyond its control, or by its destruction. This we need not decide, since irrespective of any such injunction actually issued the willful removal beyond the reach of the court of the subject-matter of the litigation or its destruction pending an appeal from a decree praying, among other things, an injunction to prevent such removal or destruction until the right shall be determined, is, in and of itself, a con-

tempt of the appellate jurisdiction of this court. That such conduct may be a violation of the injunction below affords no reason why it is not also a contempt of this court. Unless this be so, a reversal of the decree would be but a barren victory, since the very result would have been brought about by the lawless act of the defendants which it was the object of the suit to prevent. See *United States* v. *Shipp*, 203 U. S. 563; *Richard* v. *Van Meter*, 3 Cranch C. C. 214; *S. C.*, 20 Fed. Cases, 682; *Wartman* v. *Wartman*, Taney C. C. Decisions, 362; *S. C.*, 29 Fed. Cases, 303; *State ex rel. Morse* v. *District Court*, 29 Montana, 230; *Ex parte Kellogg*, 64 California, 343, 344; *The State* v. *Pittsburg*, 80 Kansas, 710, 712.

In *Wartman* v. *Wartman*, cited above, a case heard by Chief Justice Taney on the circuit, the question was whether a defendant who had parted with an alleged trust fund in his custody pending an application for an order requiring him to pay the money into court was thereby in contempt. His act was held to be in contempt of the authority of the court, as a final decree would be idle and nugatory if pending the litigation he should be held at liberty to put the fund beyond the reach of the process of the court.

The defendants have severally answered and have denied under oath that they meant any contempt of this court. They say that when they were advised that the decree of the court dismissing the bill of complaint had been affirmed and an order of affirmance entered, that they honestly believed the case to be finally concluded, and that there was no reason why the order of the city council requiring the removal of the lines of poles and wires should not be carried out. This is an excuse, but does not acquit them of a technical contempt, since the appeal must be regarded as pending and undisposed of until a mandate issues. In view, however, of the good faith of the defendants, it is enough for the

vindication of the court under the circumstances of this case that

> *The rule be discharged upon the payment of the costs of the proceeding.*