## JOHNSON FARM LOAN CO. v. McMANIGAL.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1923.)

No. 6116.

1. **Appeal and error ⬅︎728(1)—Assignments of error not complying with rule disregarded.**

   Assignments of error relating to admission or rejection of evidence, which do not comply with rule 11 of this court (188 Fed. ix, 109 C. C. A. ix), will be disregarded, unless the error is so plain or of such character that the court of its own motion will consider it.

2. **Appeal and error ⬅︎977(1)—Order denying motion for new trial not reviewable.**

   An order denying a motion for new trial is not assignable as error in the federal courts.

3. **Alteration of instruments ⬅︎2—Alteration reducing rate of interest is "material alteration."**

   Under a state statute providing that "any alteration which changes * * * the sum payable either for principal or interest * * * is a material alteration," as well as by the general law, an alteration of a note reducing the rate of interest after maturity is material.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Material Alteration.]

4. **Alteration of instruments ⬅︎13—Consent to extension of note not ratification of unknown alteration.**

   Consent of a surety to extension of a note will not operate as a ratification of a material alteration, unless he had knowledge of the alteration.

5. **Principal and surety ⬅︎39—False representations held to discharge surety.**

   Representation by plaintiff to defendant, to induce defendant to sign a note as surety, that the principal did not owe plaintiff any money, except on the note, *held* material, and, if false, to discharge the surety.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action at law by the Johnson Farm Loan Company against Daniel McManigal. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles A. Davis, of Burke, S. D., and W. J. Hooper, of Gregory, S. D., for plaintiff in error.

Frederick S. Berry, of Wayne, Neb. (A. R. Davis, of Wayne, Neb., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and TRIEBER and BOOTH, District Judges.

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BOOTH, District Judge. Plaintiff in error (hereinafter called plaintiff), owner and holder of a promissory note, brought this action against defendant in error (hereinafter called defendant), who was a surety on said note. The defenses set up were: Material alteration of the note, after execution by defendant, and false representations by plaintiff, which induced the execution by defendant. On the trial the jury, by general verdict and by special findings, found for the defendant on both questions. Judgment was entered on the verdict, and a writ of error sued out to review the same.

[1] Defendant moves to dismiss the writ of error on the ground that the assignment of errors is insufficient under rules 11 and 24 of this court (188 Fed. ix, xvi, 109 C. C. A. ix, xvi). Eight errors are assigned as grounds for reversal of the judgment below. Three of them relate to the admission or rejection of evidence. Their assignment does not comply with the requirements of rule 11 of this court (188 Fed. ix, 109 C. C. A. ix), and the alleged errors are not so plain or of such character that the court feels called upon to notice them, notwithstanding the noncompliance with the rule. They are, accordingly, disregarded. Braden v. U. S. (C. C. A.) 270 Fed. 441.

[2] One of the assignments of error, relating to the opening and closing argument to the jury, has not been argued, and has apparently been abandoned. Another relates to the order of the trial court denying a motion for a new trial. Such an order is not subject to be assigned as error.

As the remaining assignments of error are properly presented, the motion to dismiss the writ of error is denied.

[3] One assignment of error challenges the ruling of the court that the alleged alteration of the note, if shown by the evidence, was a material alteration. The alteration shown was in the provision for the rate of interest after maturity. The note originally provided for interest at 8 per cent. before maturity and 12 per cent. after maturity. The note offered in evidence showed on its face that the rate 12 per cent. had been changed to 10 per cent. and the jury found that the change was made after the note was signed, and without the knowledge and consent of the defendant. The note was signed by two of the makers in South Dakota, and was payable there. It was signed by the defendant in Nebraska. Whether final delivery of the note to the payee was made in Nebraska or South Dakota is not clearly shown by the record. However, since the Negotiable Instruments Law was in force both in Nebraska and in South Dakota, the question what law governs becomes unimportant.

By section 125 of the Negotiable Instruments Law it is provided that "any alteration which changes * * * the sum payable either for principal or interest * * * is a material alteration." That the change made in the note at bar was a material alteration is clear, both from the language of the Negotiable Instruments Law above quoted and from the authorities. 8 Corpus Juris, p. 728. And the fact that the change is beneficial to the payor does not alter the rule. Wood v. Steele, 73 U. S. (6 Wall.) 80, 18 L. Ed. 725; 2 Corpus Juris, p. 1199; Fillmore County v. Greenleaf, 80 Minn. 242, 83 N. W. 157.

We are not impressed by the suggestion that the provision in the note relative to interest after maturity should be regarded as a penalty clause, instead of an interest clause, and therefore not within the terms of the Negotiable Instruments Law.

[4] Another assignment of error presents the question whether the extension of the note which the evidence shows was made with defendant's consent was a ratification of the alteration. In order that the subsequent act of a party may amount to a ratification of an alteration, the act must have been done with full knowledge of the alteration. 2 Corpus Juris, p. 1258; State v. Paxton, 65 Neb. 110, 90 N. W. 983. This question was submitted to the jury, and decided adversely to plaintiff.

[5] The remaining assignment of error challenges the action of the court at the close of the testimony in denying plaintiff's motion to take from the jury the question of false representations in procuring the signature of defendant to the note, on the ground that such representations were mere matters of opinion. The main representations made to the defendant at the time were that Ed. McManigal, the principal maker of the note, did not owe the plaintiff any money except the note in question; also that he had sufficient feed to "feed his cattle out," several hundred in number, and put them on the market. Both of these representations were in regard to facts susceptible of ascertainment, and which had a direct relation to the risk which was being assumed by the defendant. Certainly the former, and, under the circumstances disclosed in this case, we think the latter, was a material representation. The court was right in refusing to hold as a matter of law that the statements were mere expressions of opinion. 27 Corpus Juris, p. 74. The jury found the representations false. The surety was therefore entitled to be released from liability. 32 Cyc. p. 59; U. S. v. American Bonding Co. (C. C.) 89 Fed. 921.

We find no error in the record, and the judgment is affirmed.