## LAMB *v.* CRAMER ET AL.

No. 432.   Argued February 17, 1932.—Decided March 14, 1932.

Mr. *Edward B. Burling,* with whom *Messrs. Émile Godchaux, W. Calvin Wells, Preston B. Cavanaugh,* and *Arvid B. Tanner* were on the brief, for petitioner.

Mr. *Gerald FitzGerald,* with whom *Messrs. Sam C. Cook* and *Garner W. Green* were on the brief, for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

In this case certiorari was granted to review a judgment of the Circuit Court of Appeals for the Fifth Circuit, 48 F. (2d) 537, reversing a decree of the District Court for Northern Mississippi, which quashed citation issued on respondent's petition to punish Lamb for contempt, and which dismissed the petition.

The petition was ancillary to a suit brought to set aside conveyances of land and other dispositions of money and personal property by the defendant Holland to other defendants, as in fraud of judgment creditors. The petition set up that pending the suit Holland had transferred to Lamb, who was acting as her attorney, a substantial part of the property involved in the suit, said to have been in payment of attorney's fees. It prayed citation against Lamb, the petitioner here, to show cause why he should not be held in contempt of court, and for other relief, including an injunction restraining further transfers of the property, and the cancellation of those already made.

Lamb appeared and answered the petition as one to punish for contempt. Pending disposition of that proceeding, final decree, in the main cause, was entered on consent, declaring that the judgments of the plaintiffs in that suit were a lien on the property described in the bill from the date of its filing, and appointing a receiver to take possession of the property and liquidate the lien. The decree as entered was stated to be without prejudice to the rights of Lamb, who was not a party to it, and

reserved to the court jurisdiction of the cause to make further orders for the preservation of the rights of the parties. The petition in the contempt proceeding then pending was later dismissed by the district court on the motion of Lamb, setting up want of jurisdiction of the subject matter and of his person.

. The court below rightly held that upon the facts presented by the petition, proceedings might be had against Lamb, either by bill in equity, as was done by the supplemental bill filed by the receiver in *Lamb* v. *Schmitt, post,* p. 222, or by contempt proceedings, as in the present case, or by both, to compel restoration of the diverted property to the custody of the court. The petitioner, as counsel in the principal suit, had notice of the equities alleged in the bill. So far as he acquired, *pendente lite,* any interest in the property involved in the suit, he was not only subject to those equities, but bound by any decree which the court might make with respect to it, to the extent that it might adjudicate the rights of the plaintiffs against the defendants. *Utah* v. *United States,* 284 U. S. 534; *Mellen* v. *Moline Malleable Iron Works,* 131 U. S. 352, 371; *Tilton* v. *Cofield,* 93 U. S. 163; *Warren County* v. *Marcy,* 97 U. S. 96, 105; cf. *Terrell* v. *Allison,* 21 Wall. 289. The provision in the decree that it should be without prejudice to the rights of Lamb postponed until further order of the court the adjudication of his rights, but did not forestall it. His receipt and diversion of the property, which was then *in gremio legis,* see *Metcalf* v. *Barker,* 187 U. S. 165, 173 *et seq.; Pierce* v. *United States,* 255 U. S. 398, tended to defeat any decree which the court might ultimately make in the cause. That and his retention of the property after the decree was entered, were in fraud of the rights of the plaintiffs to prosecute the suit to its conclusion, and an obstruction of justice constituting a contempt of court which might be proceeded against civilly. *Merrimack*

*River Savings Bank* v. *Clay Center*, 219 U. S. 527, 535–536; *Clay* v. *Waters*, 178 Fed. 385, 390, 391. Cf. *In re Swan*, 150 U. S. 637.

The objections chiefly urged by petitioner are that the present proceeding was criminal in its nature, to punish for criminal contempt, and hence the order dismissing the petition was not appealable, *United States* v. *Sanges*, 144 U. S. 310, 323; *Toledo Newspaper Co.* v. *United States*, 247 U. S. 402, 410; and that if the proceeding be regarded as civil, still no appeal would lie from the order of dismissal, because no appeal was taken from the final decree in the principal suit.

We think it plain that the petition, although inartistically drawn, invoked the power of the court to punish for contempt in aid of the adjudication sought in the principal suit. Hence, the proceeding is to be deemed a civil one and, as the order of the District Court finally denied the relief sought, it could be appealed. The petition charged the contumacious acts of Lamb in diverting the property, which was the subject matter of the principal suit. The prayer of the petition for relief, which is determinative of the nature of the proceeding, see *Gompers* v. *Bucks Stove & Range Co.*, 221 U. S. 418, 448, declared that its purpose was to secure restoration of the diverted property in order to carry out the decree in the principal suit. The court cited Lamb to show cause why he should not be punished for contempt and why he should not be adjudged to hold the property subject to the jurisdiction of the court.

To the extent that this purpose might be effected by process against Lamb for contempt, the proceeding was remedial, to aid in giving to the plaintiffs the property which, as against the defendants in the principal suit, they were entitled to receive. It is the purpose of the punishment, rather than the character of the act punished, which determines whether the proceeding is for

civil or criminal contempt. *Gompers* v. *Bucks Stove & Range Co., loc. cit. supra;* Doyle v. *London Guarantee & Accident Co.,* 204 U. S. 599, 604–605, 607. Even though the particular acts of the petitioner may take the characteristics of both a civil and a criminal contempt, and so may not be classified as exclusively one or the other, see *Bessette* v. *W. B. Conkey Co.,* 194 U. S. 324, 329, still, under the allegations and prayer of the petition, it would have been competent for the District Court to punish the contempt by its coercive order until Lamb made restitution of the property or to impose a fine, payable to the receiver, compensating for its taking. A proceeding to secure such relief is civil in its nature. See *Gompers* v. *Bucks Stove & Range Co., supra,* p. 449; *Bessette* v. *W. B. Conkey Co., supra,* p. 338; *Leman* v. *Krentler-Arnold Hinge Last Co.,* 284 U. S. 448.

The decree of the District Court, dismissing the petition, finally adjudicated the rights asserted by it. *Shaffer* v. *Carter,* 252 U. S. 37, 44; *The Pesaro,* 255 U. S. 216, 217; *Rosenberg Bros. & Co.* v. *Curtis Brown Co.,* 260 U. S. 516, 517. The proceeding, based on transactions had with the property involved in the principal suit, was in aid of that suit and of any decree which might be entered in it. It could be maintained, independently of the suit, either before or after the decree was entered, so long as it remained unsatisfied; and the appeal was not dependent upon an appeal from the decree. See *Root* v. *Woolworth,* 150 U. S. 401, 411; *Leman* v. *Krentler-Arnold Hinge Last Co., supra;* Gompers v. *Bucks Stove & Range Co., supra,* pp. 451–452; *Utah* v. *United States, supra.*

The petition for certiorari urged as a ground for granting it that the court below reversed on errors not assigned. It is true that the assignments erroneously described the order of the District Court as one sustaining a motion to quash the service of process, a mistake which may well have been induced by the inept use of language in the

motion. But the assignments, despite their lack of clarity, are not incapable of being construed as asserting the grounds for reversal adopted by the court below and stated in this opinion. In any case, the court below was not precluded from reversing for errors appearing on the face of the record, even though unassigned. *McBride* v. *Neal,* 214 Fed. 966, 969; *United States* v. *Tennessee & Coosa R. Co.,* 176 U. S. 242, 256; cf. *Weems* v. *United States,* 217 U. S. 349; *Duignan* v. *United States,* 274 U. S. 195, 200. See also Rules 8 and 11, C. C. A. 5th; *Johnson Farm Loan Co.* v. *McManigal,* 288 Fed. 185, 186; *Grafton* v. *Meikleham,* 246 Fed. 737, 738, cert. den. 246 U. S. 665; *Jones* v. *Pettingill,* 245 Fed. 269, 273–274, cert. den. 245 U. S. 663.

*Affirmed.*