**DIGITAL DATA SYSTEMS, INC.,**
Petitioner,

v.

**Orville S. CARPENTER, Trustee, et al.,**
Respondents.

No. 25367.

United States Court of Appeals
Fifth Circuit.

Dec. 18, 1967.

Nowlin Randolph, Houston, Tex., for petitioner.

Paul E. Harris, James V. Carroll, III, Houston, Tex., for respondents.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

RIVES, Circuit Judge.

On September 27, 1966, the district court entered an order approving the petition for reorganization of Westec Cor-

poration under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and appointing a trustee. Thereafter, the court entered orders authorizing the trustee to examine witnesses under Sections 21a and 167 of the Bankruptcy Act, 11 U.S.C.A. §§ 44(a) and 567, and referring the proceeding to a special master as authorized by 11 U.S.C.A. § 517.

On September 29, 1967, subpoenas duces tecum were served upon Louis B. McManis and Fred W. Hefer, requiring them to appear before the special master on October 3, 1967 and to produce for inspection, examination and use numerous records, books and documents of the petitioner, Digital Data Systems, Inc. At the initial hearing, McManis and Hefer were examined at considerable length [1] before the hearing was continued until October 18 on the motion of the witnesses for more time and their further motion for protection under Rule 30(b), Fed.R. Civ.P.

After a full hearing on October 18, the special master found that the records sought were not privileged, did not involve trade secrets, and were relevant to the investigation being conducted by the trustee. The special master further found that Hefer and McManis had been officers and directors of Geo Space Corporation, a wholly-owned subsidiary of the debtor corporation prior to November 1966, when they resigned from Geo Space and thereafter formed Digital Data Systems; that during 1966 negotiations were conducted between Geo Space and Pan American Petroleum Company concerning the sale of digital field systems by Geo Space to Pan American; that Hefer and McManis were involved in those negotiations on behalf of Geo Space; that after the formation of Digital Data Systems both witnesses sought the same business from Pan American on behalf of their new corporation.

With the consent of the trustee, of the witnesses, and of counsel who appeared on behalf of Digital Data Systems, the trustee had examined in camera the records and correspondence concerning the quotation and sale of certain geophysical equipment to Pan American by Digital Data Systems. Without identifying any particular claimed trade secrets, the witnesses and Digital Data Systems claimed generally that said records and correspondence contained trade secrets of Digital Data Systems. The special master in his in camera examination failed to find any trade secret. In his order, he found that Digital Data Systems' quotations to Pan American contained in the material dated April 19, 1967 are very similar to Geo Space quotations under date of May 25, 1966, with which "both Hefer and McManis had at least some part," and further that, "in addition to Hefer and McManis, a significant number of former Geo Space employees are now employed by Digital Data Systems, Inc., and are occupied in filling the order given to Digital Data Systems, Inc., by Pan American." That purchase order is large, amounting to a total of some $1,-500,000.00. As a result of his findings, the special master ordered that the records of Digital Data Systems, Inc., relating to the purchase of geophysical equipment by Pan American, be turned over to the attorney for the trustee.

At an earlier conference before the district judge at which the agreement was reached for the special master to examine the records in camera, the district judge had instructed the special master orally as follows:

"You seal them entirely and hold them there and after he furnishes you a brief and if he satisfies you that they are immune from examination, you will turn them back to him, and if he doesn't, then, you check them in camera and then you determine whether or not they should be public documents or let the other people see it or whether they will be handed back to them and if they don't agree with your ruling, we'll be back here."

Of course, the witnesses and Digital Data Systems did not agree with the

---

1. The transcript of testimony at the first hearing consumes some 449 typed pages.

ruling of the special master. They, therefore, requested him to hold the records pending a hearing before the court. The master agreed, but suggested "that we try to find the judge in his chambers and ask him" (R. 474). No objection to that rather summary procedure appears in the record, though the petition for mandamus or prohibition makes allegations to the contrary.

The district judge examined the documents in camera and found and ordered:

"1. That said documents were essential to a determination by the Trustee whether the estate has any claim against Digital Data Systems, Inc. and the witnesses (who were formerly officers and directors of Westec) and whether the witnesses had breached their fiduciary obligations to Westec and committed an act of unfair competition with Westec in the actions taken by them and their new company, Digital Data Systems, Inc., in securing from Pan American Petroleum Corporation an order for geophysical field systems amounting to approximately One Million Five Hundred Thousand and no/100 Dollars ($1,500,000.00).

"2. That said documents contained no trade secrets and that even if trade secrets were contained therein the necessity for production of said documents to the Trustee outweighed any need to deny access.

"The order of the Master is therefore affirmed and, it is ORDERED, ADJUDGED and DECREED that said documents be forthwith produced to the Trustee in accordance with the Master's order and, the request of counsel for Digital Data Systems, Inc. for leave to seek review of this order by original proceeding in the Fifth Circuit Court of Appeals is granted."

Digital Data Systems very promptly presented to Chief Judge John R. Brown of this Court its petition "For Preservation of Trade Secrets," and Judge Brown on October 23 entered an order reading in part:

" * * * and it appearing that the said petition states grounds meriting consideration thereof and a hearing thereon by the Court, it is ORDERED that the same be referred by the Clerk to a panel of this Court in accordance with the practices of this Court and that notice issue and be served by certified mail upon each of the respondents."

■ Concededly, the petition was intended as an original proceeding in this Court under the all-writs statute, 28 U.S.C.A. § 1651; that is, an application for writ of mandamus or prohibition. To get such an original proceeding at issue, it is necessary for an answer to be filed. Rule 13a of the Fifth Circuit relating to applications for writ of mandamus or prohibition reads in part:

"If the court is of the opinion that the writ should not be granted, it shall deny the petition. Otherwise, it shall order that an answer to the petition be filed by the respondents within the time fixed by the order."

Unfortunately, the petitioner requested no such order from this Court, and no order has been entered either denying the petition or requiring an answer. Of course, no answer has been filed. That deficiency was not observed by the Court until November 6, only a week before the case was set for hearing. At that time, the Clerk, by direction of the Court, addressed a letter to the attorneys for the respective parties as follows:

"In this matter set for hearing at 9:30 A.M. on Monday, November 13th at New Orleans on typewritten briefs to be exchanged between the parties by not later than November 8, 1967, the Court on a preliminary examination of the record desires more definite information as to its jurisdiction. It, therefore, requests that either the original briefs or supplemental briefs, to be filed on or before November 13, cover the subject of whether this is an original proceeding in the Court of Appeals or an appeal, and generally the basis of this Court's jurisdiction. If it is an original proceeding under the all-writs statute, Section 1651 of Title 28 United States Code, are the neces-

sary parties before the Court (see Fifth Circuit Rule 13a)? The district judge appears not to be a party. Can the case be treated as an appeal by the corporation Digital, from a final judgment of the district court? (See Overby, Acting Secretary of the Treasury v. U.S.F. & G. Company and First National Bank of Auburn, 5 Cir. 1955, 224 F.2d 158, 162; compare Falsone v. United States, 5 Cir. 1953, 205 F.2d 734.)

"The Court expressed the hope that the procedure and jurisdictional problems might be solved or agreed on in advance so that the time allotted for argument can be spent on the merits."

Petitioner responded in part as follows:

"Petitioner wishes to be frank with the court and to say that thus far petitioner has relied only on treating this case as an original proceeding. Petitioner's attorney has, until the court called his attention to the two cases mentioned and the line of authorities they represent, wholly failed to understand that an appeal was possible. This may be due to some extent to the high degree of speed at which this case had proceeded from the time McManis and Hefer were served on September 29.

"Petitioner does not believe that it has waived the benefit of the cases mentioned in the clerk's letter."

The trustee responded to the Clerk's letter in part as follows:

"The first Supplemental Brief of Petitioner, Digital Data Systems, Inc. unequivocally recognizes that review of the present issue by original proceeding can be had only if four 'necessary' parties are within this Court's jurisdiction. The four parties named are: Orville S. Carpenter, Trustee; Geo Space Corporation; Frank Briscoe, Esq., Special Master; and The Honorable Allen B. Hannay, U. S. District Judge.

"However, this Court's jurisdiction over Geo Space Corporation and Frank Briscoe, Esq. has not been invoked and jurisdiction does not appear to have been invoked over The Honorable Allen B. Hannay.

"Therefore, this case can only be before the Court on appeal under the authority of Overby, Acting Sec'y of the Treasury v. U.S.F. & G. Company and First National Bank of Auburn, 224 F.2d 158, 162 (5th Cir. 1955)."

■ Thus, neither the petitioner nor the trustee raise any objection to the consideration of this proceeding as an appeal from the order of the district court entered October 26, 1967. Unfortunately, consent cannot confer jurisdiction. Assuming arguendo that the verbal notice which petitioner gave the district judge of its intention to seek review of the order by original proceeding may be accepted as, or in lieu of, the notice of appeal required by Rule 73(a), Fed.R.Civ.P., we must still determine whether the order is in effect a final decision appealable under 28 U.S.C.A. § 1291. We think not.

The reasons for holding the order involved in the *Overby* case appealable were carefully stated:

"At the threshold, appellee surety company moves to dismiss the appeal on the ground that the order denying the claim of privilege is not appealable. Counsel for the bank had informed the district court that, apart from the prohibition of the Comptroller of the Currency, the bank had no objection to producing the documents. Under threat of a dismissal of the bank's suit, it is to be anticipated that the documents would have been produced in the absence of some appeal or stay order. After such production, there would be no further point to the claim of privilege, it would be irretrievably breached and beyond the protection of an appellate court. We think, therefore, that the order is in effect a final decision appealable under 28 U.S.C.A. § 1291, even though the main suit between the bank and the surety has

not been concluded.[3]  The cases re-

"3. Swift & Co. Packers v. Compania Co-
lombiana Del Caribe, S.A., 339 U.S. 684,
688–689, 70 S.Ct. 861, 94 L.Ed. 1206;
Cohen v. Beneficial Industrial Loan
Corp., 337 U.S. 541, 546–547, 69 S.Ct.
1221, 93 L.Ed. 1528; Brotherhood of
Railroad Trainmen v. Baltimore & O. R.
Co., 331 U.S. 519, 524, 67 S.Ct. 1387,
91 L.Ed. 1646; Sutphen Estates v. Unit-
ed States, 342 U.S. 19, 20, 72 S.Ct. 14,
96 L.Ed. 19; Stack v. Boyle, 342 U.S.
1, 6, 72 S.Ct. 1, 96 L.Ed. 3; Radio Sta-
tion WOW v. Johnson, 326 U.S. 120, 124–
127, 65 S.Ct. 1475, 89 L.Ed. 2092; Lamb
v. Cramer, 285 U.S. 217, 221, 52 S.Ct.
315, 76 L.Ed. 715; Penfield Co. v. Securi-
ties and Exchange Commission, 330 U.S.
585, 591, 67 S.Ct. 918, 91 L.Ed. 1117.

lied on by appellee surety are readily distinguishable because in each of those cases denial of the privilege could be reviewed on appeal either from the final judgment or from a contempt order.[4]

"4. Cobbledick v. United States, 309 U.S.
323, 60 S.Ct. 540, 84 L.Ed. 783; Alex-
ander v. United States, 201 U.S. 117, 26
S.Ct. 356, 50 L.Ed. 686; Cogen v. United
States, 278 U.S. 221, 49 S.Ct. 118, 73
L.Ed. 275; Bank Line v. United States,
2 Cir., 163 F.2d 133; Pennsylvania R.
Co. v. Kirkpatrick, 3 Cir., 203 F.2d 149;
Carter v. Baltimore & O. R. Co., 80 U.S.
App.D.C. 257, 152 F.2d 129."

Overby v. United States Fidelity & Guaranty Co., 5 Cir. 1955, 224 F.2d 158, 162.

The present case does not present a comparable situation.  The witnesses Hefer and McManis were the founders of the petitioner Digital Data Systems. McManis was president and Hefer was vice president of that corporation.  They refused to produce its records in response to the subpoena duces tecum.  They were entirely loyal to the petitioner, and sought review by petition for mandamus or prohibition.

In investigations pursuant to Sections 21a and 167 of the Bankruptcy Act, 11 U.S.C.A. §§ 44(a) and 567, to permit a corporation to appeal from an order of the district court requiring its officers to disclose corporate records would have all the dangers of unduly interrupting

2. See VIII Wigmore on Evidence § 2212
(3), pp. 155–157; 4 Moore's Federal
Practice ¶ 26.22 [3], pp. 1288–1293.

and obstructing the inquiry pointed out in the leading case of Cobbledick v. United States, 1940, 309 U.S. 323, 327, 60 S. Ct. 540, 84 L.Ed. 783.  We cannot, therefore, accept jurisdiction of this proceeding as an appeal from a final decision.

Upon the full record now before this Court of some 565 typed pages, we are convinced that neither the special master nor the district judge was guilty of any abuse of discretion such as would permit the issuance of a writ of mandamus or prohibition.  Compare Hartley Pen Co. v. United States District Court, 9 Cir. 1961, 287 F.2d 324.  Instead, therefore, of ordering an answer to the petition to be filed by the respondents, we deny the petition.  Rule 13a(b), Fifth Circuit.

In its original petition "for preservation of trade secrets" addressed to this Court, the petitioner, Digital Data Systems, is somewhat more specific in pointing out at least two of the matters which it claims constitute trade secrets.  It alleges generally that "the package of Pan American papers now in the hands of the special master is full of trade secrets." If that be true, then the petitioner will be irrevocably injured if those trade secrets are published.  If the papers actually do contain any trade secrets and they can be pointed out to the district judge, he can and no doubt will enter adequate orders for the protection of the witnesses and of Digital Data Systems. See Rule 30(b), Fed.R.Civ.P.  Under these circumstances, to prevent any possible miscarriage of justice, in view of the speed with which the proceedings in the district court were conducted, the claimed inadequate preparation of counsel, and the difficulty of protecting trade secrets,[2] we exercise our general jurisdiction to "require such further proceedings to be had as may be just under the circumstances."[3]  We direct that a full rehearing be conducted by the district judge of the district court's order of October 26, 1967, and that pending

3. 28 U.S.C.A. § 2106.

such hearing the order of the master rendered October 18, 1967[4] be held in abeyance.

Costs of the proceeding in this Court are taxed against the petitioner and the petition is denied but with further proceedings to be conducted in the district court as herein directed.

4. " * * * that the records of Digital Data Systems, Inc., relating to the purchase of geophysical equipment by Pan American Petroleum Company from Digital Data Systems, Inc., be turned over to the attorney for the Trustee."