**Raymond TOM and Carl Johnson,**
**Plaintiffs,**

v.

**John J. TWOMEY, U. S. Marshal,**
**Defendant.**

**UNITED STATES of America, Plaintiff,**

v.

**ONE 1968 LINCOLN CONTINENTAL,**
**VIN 8Y82A839402, et al., Defendants.**

**Nos. 75 C 2272, 75 C 3493–75 C 3495.**

United States District Court,
N. D. Illinois, E. D.

April 13, 1977.

Julius Lucius Echeles, Chicago, Ill., for plaintiffs.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

These consolidated cases are before the court on the government's motions for summary judgment, for an order forfeiting a bond filed by the plaintiff Johnson, and for a rule to show cause why he should not be held in contempt of this court.[1] The issues presented arise from the following facts.

### I.

On March 10, 1975, agents of the Federal Bureau of Investigation seized three automobiles: a 1972 Impala Chevrolet owned by Raymond Tom, a 1973 Chevrolet Vega owned by Carl Johnson, and a 1968 Lincoln Continental owned by Challe Tsutomu Oda. The seizures were for alleged violations of Title 18 U.S.C. § 1955(a), and Ill.Rev.Stat. 1973, ch. 38, §§ 28–1(a)(10), 28–1.1(a), (b), (d), 28–3, federal and state statutes which prohibit any illegal gambling business. Thereafter, Tom and Johnson filed case No. 75 C 2272 to which, by a later amendment, Challe Oda joined as a plaintiff. This was a replevin suit in which plaintiffs, without denying their vehicles were used in illegal gambling, alleged that the United States Marshal was wrongfully detaining their respective automobiles. They alleged that no indictment had been returned against them; and that no forfeiture proceedings had been instituted against the automobiles; therefore, they prayed for issuance of a writ of replevin and for damages.

These allegations were true when they were made; but on September 30, 1975, Tom, Johnson, and Oda were indicted and charged with engaging in an illegal gambling business, it being suggested that the acts leading to these charges were the same which had led to seizure of the automobiles. Later, on October 17, 1975, the government filed the three forfeiture complaints seeking condemnation of the automobiles on the ground that they had been used by their owners for the purpose of an illegal gambling business, in violation of the designated federal and state statutes. No response has been made to these complaints. On the day they were filed, an order was entered directing that if a $250 bond were posted, conditioned on the obligation that they be returned should the government prevail in these actions, the vehicles in question were to be released to their respective owners. Then, on January 30, 1976, and on the government's motions, the forfeiture suits were consolidated with the replevin suit. Tom, Oda, and Johnson later pled guilty to two counts of the indictment in which they had been charged with engaging in an illegal gambling business.

The government has moved for summary judgment on the ground that the guilty pleas entitle it to judgments as a matter of law forfeiting the seized automobiles. It is claimed that the acts by which Tom, Johnson, and Oda used their vehicles in violation of federal and state statutes that prohibit illegal gambling business, were the same as those engaged in when they committed the offenses charged in the counts to which they pled guilty. The motion is supported with a copy of the indictment and the minute orders reflecting the pleas of guilty and the sentences imposed.

1. The government is the true defendant in the suit filed by Tom and Johnson, 75 C 2272, since Twomey, the United States Marshal who is named as such in the complaint was its agent when he seized the automobiles involved. It is the plaintiff in the suits seeking forfeiture of the three automobiles, Nos. 75 C 3493, 75 C 3494, 75 C 3495. Therefore, for the purpose of clarity, the term government will be used in this Memorandum when reference is made to defendant in No. 75 C 2272, and to plaintiff in the other three suits.

In response, Tom, Johnson, and Oda do not deny use of the automobiles for illegal gambling. Instead, they have filed a pleading captioned "Reply to Government's Motion for Summary Judgment" in which they state that although " * * * it is true that [they] pled guilty to criminal charges [contained in the indictment], no evidence or facts were elucidated upon which to predicate any findings, since the government failed to tender the transcript of the proceedings taken at the time [of the guilty plea]." Therefore, they argue that the record lacks the evidentiary basis to support the entry of a summary judgment in favor of the government with regard to forfeiture of the subject vehicles.

With regard to the motion for a rule to show cause on Johnson, the record referred to by the government discloses that on February 4, 1976 by a stipulation of the parties, a bond was filed for release of Johnson's vehicle to him pending disposition of the litigation and subject to the right of the government to repossession of the vehicle in the event it prevailed in the forfeiture proceedings. The government alleges, and it is not denied, that after Johnson recovered possession of his vehicle by posting a $250 bond, he told a special agent that he no longer owned the 1973 Chevrolet Vega because he had sold it for junk to a man named Al Sanders. In response to the government's motion for the rule, Johnson contends that "the subject matter of the rightful ownership or seizure of the Vega automobile is as yet in litigation before this court. No ruling has been made that the United States is entitled to forfeiture of the car in question, in as much as a factual dispute remains unlitigated and undecided. * * * The only liability under the bond is that the government be paid no more than $250."

## II.

These pleadings, motion, affidavits, admissions of the parties and their contentions present two issues. 1. Whether there is a genuine issue as to any material fact relative to the forfeiture of the automobiles seized by the Federal Bureau of Investigation on March 10, 1975. 2. Whether the government has shown it is entitled to a rule on Carl Johnson to show cause why he should not be found guilty of contempt of this court for having sold the 1973 Chevrolet Vega after he acquired possession of it subject to the rights of the government if it should prevail in the forfeiture proceedings.

## III.

■ Generally, a plea of guilty admits all material allegations contained in the count of the indictment to which it is directed. *Hawley v. Hunter,* 161 F.2d 825 (10th Cir. 1947). Evidence of a valid plea of guilty to a criminal charge is admissible in a civil litigation as an admission against interest if the litigation arises out of the facts that produce the criminal charge. *Local 167 of International Brotherhood of Teamsters, Chauffeurs, Stablemen & Helpers v. United States,* 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934); *Austin v. United States,* 125 F.2d 816 (7th Cir. 1942). Accordingly, it has been held that an owner's plea of guilty to a charge of illegal transportation of intoxicating liquor is competent evidence of the transportation in an action by the government to forfeit the automobile used in committing the crime. See *Interstate Securities Company v. United States,* 151 F.2d 224 (10 Cir. 1945). In this case, the counts of the indictment to which the pleas of guilty were entered do not allege that on March 10, 1975 Tom, Oda, and Johnson were using their vehicles in an illegal gambling business, although there is a specification of the acts claimed by the government to constitute the crime. Therefore, the pleas of guilty did not admit illegal use of the vehicles. As a consequence, if the government's ground for summary judgment were only the pleas of guilty, its motion could not be granted because in such a case, there would be an issue of fact concerning use of the automobiles on March 10, 1975 when they were seized.

■ However, absence of a genuine issue as to material fact concerning use of the three automobiles clearly appears in the

record of these cases. The forfeiture of any property used in violation of 18 U.S.C. § 1955(a) is governed by the custom laws. 18 U.S.C. § 1955(d). In the law of customs, if an action in rem is brought to forfeit a vehicle, the owner on being notified of the proceeding, as were Tom, Oda, and Johnson, is required to file a timely answer to the government's complaint, under oath. 28 U.S.C. Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims. The answer should set out clearly and explicitly the facts relied on. *The Commander-in-Chief*, 68 U.S. 43, 1 Wall. 43, 17 L.Ed. 609 (1864). And the failure to deny by answer is an admission. *The Hattie Thomas*, 262 F. 943 (2d Cir. 1920). Here, the government's forfeiture complaints have not been answered; nor has there been a denial of the allegations in the motion for summary judgment that Tom, Oda, and Johnson used the vehicles in question in an illegal gambling business. These stand admitted; indeed, so are all the material facts which can possibly be an issue between the parties. Consequently, grant of the government's motion is proper. See *Consolidated Vultee Aircraft Corp. v. United States*, 97 F.Supp. 948 (D.C.Del.1951); *Freed v. Plastic Packaging Materials, Inc.*, 66 F.R.D. 550 (D.C.Pa.1975). Accordingly, judgment as a matter of law will be entered in its favor in each of these consolidated cases.

## IV.

■ With regard to the government's motion for a rule on Carl Johnson to show cause why he should not be held to be in contempt of this court, it appears from a stipulation and a stipulated bond that he regained possession of his seized vehicle with the understanding that this court retained jurisdiction over it for all purposes. In its relevant part, the stipulated bond provided that " * * * the condition of this obligation is that if the said United States of America shall prevail the claimant [Johnson] shall pay all costs, U. S. Marshal's storage costs and surrender the subject vehicle, this obligation to remain in effect until the court renders a final decision.

The liability of the surety is limited to $250." By this stipulation Johnson agreed to retain possession of his vehicle until a final decision was rendered in the case involving his controversy with the government concerning its return. This stipulation was binding; and it was subject to the directions of this court. *Burstein v. United States*, 232 F.2d 19 (8th Cir. 1956); 83 C.J.S. Stipulations § 31; 73 Am.Jur.2d Stipulations § 11. Had he desired, a motion could have been made for modification of the stipulation, setting it aside, or for any relief which on his application could have been granted. *Carnegie Steel Co. v. Cambria Iron Co.*, 185 U.S. 403, 444, 22 S.Ct. 698, 714, 46 L.Ed. 968 (1902); *Brast v. Winding Gulf Colliery Co.*, 94 F.2d 179, 181 (4th Cir. 1938); 83 C.J.S. Stipulations § 36; 73 Am.Jur.2d Stipulations § 13. He did not make such a motion; instead, he sold a vehicle which was in the constructive possession of the court. *Dodge v. United States*, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392 (1926); *Strong v. United States*, 46 F.2d 257 (1st Cir. 1931); 36 Am.Jur.2d Forfeiture and Penalties § 28. This conduct can be the subject of a contempt proceeding. *Ex parte Tyler*, 149 U.S. 164, 13 S.Ct. 785, 37 L.Ed. 689 (1893); *Lamb v. Cramer*, 285 U.S. 217, 52 S.Ct. 315, 76 L.Ed. 715 (1932); *Converse v. Highway Construction Co. of Ohio*, 107 F.2d 127, 132 (6th Cir. 1939); *Denver-Greeley Valley Water Users Ass'n v. McNeil*, 131 F.2d 67, 69 (10th Cir. 1942). For these reasons, the government may apply to this court for a rule on Carl Johnson to show cause why he should not be held in contempt for having sold his vehicle while he had it in his possession, subject to the court's final decision in the forfeiture proceedings.