**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-17039 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01154-RCJ-VCF |
| THOMAS SELEY; STEVEN WILLIAMS, | MEMORANDUM[*] |
| Real-parties-in-interest - Appellants, | |
| v. | |
| ESTATE OF E. WAYNE HAGE; WAYNE N. HAGE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 9, 2015, as to Appellants and Estate of Hage[**]
San Francisco, California

Before: GRABER, WARDLAW, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument as to Appellants and Wayne N. Hage. Fed. R. App. P. 34(a)(2).

Real-parties-in-interest Thomas Seley and Steven Williams appeal the district court's order finding them in contempt of court. Reviewing for abuse of discretion, Hilao v. Estate of Marcos, 103 F.3d 762, 764 (9th Cir. 1996), we reverse.

1. We have appellate jurisdiction. The district court's order did not become final and effective until the entry of final judgment in 2013, and Seley and Williams filed a timely notice of appeal from that judgment. Moreover, even if the contempt order became final before entry of final judgment on the merits, a pre-judgment appeal is discretionary. Legal Voice v. Stormans Inc., 738 F.3d 1178, 1182–84 (9th Cir. 2013). Seley and Williams had the option of waiting until entry of final judgment and appealing "to the same extent a party can appeal such an order." Id. at 1184.

2. The district court grossly abused the power of contempt. See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 831 (1994) ("[T]he contempt power . . . uniquely is liable to abuse. . . . Contumacy often strikes at the most vulnerable and human qualities of a judge's temperament, and its fusion of legislative, executive, and judicial powers summons forth the prospect of the most tyrannical licentiousness." (citation, internal quotation marks, and ellipsis omitted)). The two "underlying concern[s] that gave rise to the contempt power"

2

are "the disruption of court proceedings" and "disobedience to the orders of the Judiciary." Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 798 (1987). Neither is implicated here, because the court imposed contempt sanctions in response to out-of-court conduct that did not contravene any court order; indeed, no injunctive or other proscriptive orders had been granted.

Although we acknowledge that extreme circumstances may warrant the use of contempt for out-of-court conduct unrelated to a court order, we emphasize that, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). For example, attempting to bribe a witness might warrant the use of contempt powers (as well as criminal sanctions). As another example, the Supreme Court twice recognized—in cases at least 80 years old that we have never had occasion to apply—that contempt was appropriate when a party destroyed the subject matter of the litigation, thus interfering with the court's administration of justice. See Lamb v. Cramer, 285 U.S. 217, 219 (1932) (finding that contempt proceedings might be brought against a person whose "receipt and diversion of [certain] property, which was then [legally considered in the possession of the court], tended to defeat any decree which the court might ultimately make in the cause" (citations omitted)); Merrimack River Sav. Bank v. City of Clay Ctr., 219 U.S. 527, 533 (1911) (finding

3

parties in contempt when they took actions that "did thus destroy the subject-matter of the suit").

The actions by Seley and Williams come nowhere near meeting the correct legal standard for contempt. They took lawful actions, within the scope of their statutory and regulatory obligations, that had no effect whatsoever on the case before the court. Of primary importance, and contrary to the district court's understanding, the district court did not have jurisdiction over Defendants' water rights. As we hold in the main appeal, Defendants' water rights were irrelevant to this case. But even assuming that they were relevant, the government did not destroy or significantly affect even a single water right. Nor did Seley and Williams interfere in any way with a witness' testimony to the court or otherwise interfere with the court's administration of justice.

In sum, the district court's findings of contempt applied the wrong legal standard, and it is clear that Seley and Williams never contravened the proper legal standard.

**REVERSED.**