## SOCIETY OF EUROPEAN STAGE AUTHORS AND COMPOSERS, Inc., et al. v. WCAU BROADCASTING CO.

### No. 9997.

District Court, E. D. Pennsylvana.

Oct. 17, 1938.

Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., for plaintiffs.

Louis Levinson and Isaac D. Levy, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

We were asked to withhold a ruling in this cause until the receipt of Briefs. These have been submitted.

One of the grounds of dismissal is the averred multifariousness of the Bill. Under Equity Rule 26, 28 U.S.C.A. following section 723, multifariousness is no longer a defect in a Bill except to a very limited extent. The real question is whether under that Rule the causes of complaint of the several plaintiffs can be redressed in one proceeding. Other grounds are that the Bill does not disclose that either of the plaintiffs has a cause of action; that the

Bill is defective in form, and that the Court lacks jurisdiction to entertain the complaint of one of the plaintiffs. A helpful introduction to the discussion is an inquiry into the causes of complaint. These we get from the Bill of Complaint. There are six of them all of a like kind. The complaint is that the defendant has infringed each and all of six copyrights owned by Cross & Winge, Inc., one of the plaintiffs, who granted to the other plaintiff what is the equivalent of the beneficial ownership of the copyrights for a term ending December 31, 1940. The two plaintiffs have joined in the Bill, one as such beneficial owner and injured party, the other as the holder of the legal title to the copyrights and the owner after the expiration of the term of license granted.

We see nothing in this Bill than the complaint of copyright infringement. This gives a Court of the United States jurisdiction and disposes of this ground for the motion to dismiss. The other grounds turn on the interpretation of Equity Rule 26. Undoubtedly before the adoption of this Rule the Bill would have been open to criticism. The Bill asks for the redress of six different causes of complaint. Rule 26 not merely permits but it invites a plaintiff to join in one action all the causes of complaint he may have. The test applied is that "sufficient grounds must appear for uniting the causes of action" and that if the "causes of action cannot be conveniently disposed of together, the Court may order separate trials". This Bill fully meets this test. The weakness of the elaborate argument addressed to us is ·the attempt to distinguish between the cause of action set up by one plaintiff and the other. There is but· one cause of action. It is the infringement of a copyright right. In this both plaintiffs are concerned and hence properly joined. In its essence the suit is by the owners of the copyright for its infringement and the two plaintiffs are the owners. If the action were at law it might be brought as an action by the owner of the legal title to the copyright to the use of the beneficial owner. Equity looks wholly to substance and a beneficial owner is properly joined as a party. If a party in interest was not made a party to the Bill it would be a ground of objection. Equity Rules 25, 37, 39 and 43, 28 U.S.C.A. following section 723, provide for this. Suits in Equity in patent cases supply us with analogues.

The motion to dismiss is denied.