## SOCIETY OF EUROPEAN STAGE AUTHORS AND COMPOSERS, Inc., et al. v. WCAU BROADCASTING CO.

### No. 9997.

District Court, E. D. Pennsylvania.
June 4, 1940.

Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., for plaintiffs.

Isaac D. Levy and Louis Levinson, both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Defendant contests plaintiff's motion for leave to file an amended and supplemental bill of complaint in a copyright infringement suit. The motion was made by the Society of European Stage Authors and Composers, Inc. (hereinafter called the "Society"), one of the plaintiffs. The amended and supplemental bill seeks to add new parties plaintiff, and alleges additional acts of infringement subsequent to the time of the filing of the original bill.

There are at present two parties plaintiff: (1) the Society, and (2) Cross & Winge, Inc. The latter is the copyright proprietor. It obtained and still owns the copyright on the musical compositions alleged to have been infringed by the defendant. The other plaintiff, the Society, is engaged in the business of licensing the

production, performing, printing and publishing rights of, and in vending musical and dramatico-musical works, and in licensing the public performances for profit of such works, published or represented by it.

According to the original bill, the plaintiff Cross & Winge, in writing, "assigned, transferred, and set over" to the Society for a limited period the "exclusive performing rights and the right to license said performing rights in and to" the musical compositions, the infringement of which is the basis of this suit.

Defendant operates a radio broadcasting station, and, according to the averments of the bill, caused performances of the musical compositions here involved to be rendered from and through its radio broadcasting station at various times.

In its proposed amended and supplemental bill, plaintiff Society avers that since the date of the filing of the original bill, defendant has rendered other musical compositions through its broadcasting station, in which said other musical compositions the Society enjoys the same rights as in those set forth in the original bill; but that the copyright in these other musical compositions are owned, not by Cross & Winge, Inc., but by others, namely, the Rialto Music Publishing Corp. and the Jewel Music Publishing Co., Inc., wherefore it is sought to add such others as parties plaintiff.

Defendant, in its brief, raises no objection to plaintiff's attempt to incorporate alleged additional acts of infringement. Therefore, it may be considered that plaintiff's right to do so is conceded. Indeed, the filing of a supplemental bill is the proper way in which to introduce such alleged additional infringements.

However, defendant does dispute the right of the plaintiff Society to move for leave to bring in the additional parties plaintiff.

With regard to the application of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, to the instant dispute, Rule 81(a) provides that: "They do not apply to proceedings in * * copyright under the Act of March 4, 1909, c. 320, § 25 (35 Stat. 1081), as amended, U.S.C., Title 17, § 25, except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States. * *"

Rule 1 of the Copyright Rules of Practice, 17 U.S.C.A. following Section 25, however, has been amended by the Supreme Court, effective September 1, 1939, to provide that proceedings and actions under Section 25, supra, shall be governed by the new Rules of Civil Procedure in so far as they are not inconsistent with the Copyright Rules.

Since the original bill was filed prior to the effective date of the application of the new Rules to copyright proceedings, defendant contends that the present proceeding is not to be governed by the new Rules but by the old Equity Rule No. 37, 28 U. S.C.A. following section 723. This contention cannot be sustained.

Rule 86 provides that the new Rules of Civil Procedure are to govern "* * * all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

Decisions under the new Rules have been to the effect that ordinarily they will be applied to questions of pleading, although the action might have been initiated, or even the particular pleading filed, prior to the effective date of the said rules. Thermex Co. v. Lawson, D.C., 25 F.Supp. 414; Shurtz v. Foster & Kleiser Co., D.C., 29 F.Supp. 162.

Defendant's argument that applying the new Rules to this particular situation would "work an injustice" is not at all clear. Rule 1 provides that "They shall be construed to secure the just, speedy, and inexpensive determination of every action." The joinder of the proposed additional parties plaintiff evidently would be a step towards effectuating that purpose and reaching the foregoing construction. Defendant seems to ground its argument upon the circumstance that it previously moved to dismiss the bill in this case (upon the grounds of misjoinder and of the absence of such right in the plaintiff Society as would entitle it to be a party plaintiff herein); the theory being that if the present motion to amend, etc., is granted, there will be another motion to dismiss, and it will be unfair to decide the first motion to dismiss under the old rules and the second, under the new. With this I

am unable to agree. The very raison d'etre of the new Rules is that they are to be considered an improvement upon the old; they are not, like beauty, their own excuse for being. If, in a particular proceeding, a conclusion is reached under the new Rules different from that obtained under the old, then such must have been contemplated when the new Rules were formulated and made effective; and their very promulgation furnishes a logical and cogent reason for reaching such a hypothetically different conclusion. Furthermore, since the decision was adverse to defendant on its first motion to dismiss, the defendant logically should not be disturbed at the prospect of a different result being reached upon a similar motion, under the new Rules.

Under the new Rules, applicable herein, it would seem clear that the plaintiff Society is entitled to join the additional parties heretofore mentioned as party plaintiffs.

Rules 17, 19, 20 and 21, relating to Parties, evidence the general purpose of the new Rules to eliminate the old restrictive and inflexible rules of joinder designed for a day when formalism was the vogue and to allow joinder of interested parties liberally to the end that an unnecessary multiplicity of actions thus might be avoided.

Rule 19(a), relating to necessary joinder, provides: "* * * persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

"The phrase 'joint interest' is not to be given a technical meaning. * * * The phrase must be construed to mean those who would be necessary or indispensable parties under the previous practice." Moore's Federal Practice (1938), vol. 2, p. 2142.

Section 25 of the Copyright Law, 17 U.S.C.A. § 25, entitles the "copyright proprietor", as against an infringing party, to certain remedies including injunction, damages and profits. Thus, "In a suit for infringement of a * * *

copyright by a licensee of the owner, the owner is an indispensable party, since the legal title that will be in dispute is in him." Moore, op. cit. supra, p. 2154. To the same effect, see L. C. Page & Co. v. Fox Film Corp., 2 Cir., 83 F.2d 196; Buck v. Elm Lodge, 2 Cir., 83 F.2d 201; Stephens v. Howells Sales Co., D.C., 16 F.2d 805.

Rule 20, relating to permissive joinder, provides: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

Further, Rule 21 provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

The language of the last quoted rule is clear and effectively disposes of defendant's argument that the motion to add new parties plaintiff, if granted at all, should be granted only upon motion of the parties whom it is proposed to add.

Defendant argues also, in contesting the motion, that the plaintiff Society has no right to recover damages under the Copyright Law because it is not the copyright proprietor. If this were so, then the Society has been wise in seeking to add to the record in this copyright infringement suit, as parties plaintiff, the persons who are the copyright proprietors. However, the question of whether or not the plaintiff Society is a proper party to the action is not before me—aside from the fact that our late brother Judge Dickinson already has decided the question against the defendant in the instant case. In the course of his opinion, Judge Dickinson not only held that there was no misjoinder, stating, "In this both plaintiffs are concerned and hence properly joined", but also intimated that if either party were omitted it would constitute grounds for objection. D.C., 25 F.Supp. 385, 386.

Accordingly, the motion for leave to file the amended and supplemental bill is granted.