UNITED STATES v. BROTHERHOOD OF RAILROAD TRAINMEN et al.

Civ. No. 5454-50.

United States District Court
District of Columbia.

March 7, 1951.

1020

George Morris Fay, U. S. Atty., Ross O'Donoghue, Asst. U. S. Atty., C. F. Reifsnyder, Asst. U. S. Atty., all of Washington, D.C., J. Howard McGrath, Atty. Gen., H. G. Morrison, Asst. Atty. Gen., Newell A. Clapp, Acting Asst. Atty. Gen., and Joseph Friedman, Special Asst. to Atty. Gen., for plaintiff.

Edward B. Henslee, Francis H. Monek, Chicago, Ill., Robert S. Tarnay, Washington, D. C., for defendants.

TAMM, District Judge.

The defendant unincorporated association, the Brotherhood of Railroad Trainmen, is before the Court for sentencing in a case in which the defendant union has pleaded guilty to charges of civil and criminal contempt for violating the temporary restraining order issued by this Court December 14, 1950.

■ The Court, in imposing sentence upon the defendant, will impose a separate punishment for the criminal contempt and for the civil contempt, although it appears from at least one recent Supreme Court decision that the Courts have the authority to impose a so-called lump sum fine in this type of case, without breaking it up as to the part of the fine which is to be apportioned to the civil contempt and to the criminal contempt. United States v. United Mine Workers of America, 1947, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884. This Court is of the opinion that the better practice is to identify the sentence by specific amounts. Cf. Rutledge, J., dissenting in United States v. United Mine Workers, supra, 330 U.S. at page 378 et ff., 67 S.Ct. at page 738, 91 L.Ed. 884.

■ Sentences for criminal contempt are punitive in nature. They are designed to vindicate the authority of the Court. United States v. United Mine Workers, supra, 330 U.S. at page 302 et ff., 67 S.Ct. at page 700, 91 L.Ed. 884. It is unnecessary for the Court, I am certain, to point out that the interests of orderly government demand that respect and compliance be given to the orders issued by Courts possessed of jurisdiction over subject matter and over litigants. One who defies public authority, be that one an unincorporated association of laboring men, or an individual, or a corporation, and who wilfully refuses his obedience to a Court order, must pay the penalty.

The Court is of the opinion from the facts in this case that it is necessary for the Court to vindicate its authority by what the Court considers a substantial fine. Obviously a fine is the only proper punishment that the Court can impose upon an unincorporated association.

This case presents to the Court a unique situation. The Court has not heretofore encountered a case in which a union entered a plea of guilty to an offense of this kind. This fact—that the union pleaded guilty—has considerable social import apart from the proceedings in this case. Unions must accept their obligations and responsibilities, as well as their rights, if they are to continue to grow and prosper. The Court sees in this proceeding a recognition on the part of the union of its obligations and responsibilities for the conduct of its members, or a portion of its members, and certainly such recognition bespeaks continued progress in the ranks of union organization.

█ Upon the plea of guilty to the criminal contempt charge, it is the sentence of the Court that the defendant, Brotherhood of Railroad Trainmen, pay a fine of $50,000. The Court in imposing this fine recognizes that the acts constituting the contempt were not participated in by the entire membership of this union, and the Court observes that the union is accepting the responsibility as a union for the contempt of what represents a very small percentage of its members— that is, about 10 per cent.

█ Passing to the civil contempt, the Court points out that judicial sanctions in civil contempt proceedings may be employed for either one or both of the following purposes: first, to coerce the defendant into compliance with the Court order; and second, to compensate the complainant for the damages he has suffered. United States v. United Mine Workers, supra, 330 U.S. at page 304, 67 S.Ct. at page 701, 91 L.Ed. 884. Under the circumstances in which this case comes before the Court, the utilization of punishment for the purpose of coercion is not necessary. In other words, the Court in imposing its fine for civil contempt under the facts of this case must do so on the fundamental basis that its purpose is either to compensate the complainant for the loss it has sustained or for the expense to which it has gone in bringing these proceedings.

It is well to note once again that the conduct which is the basis of this action was participated in by a very limited number of the union's members. However, the Court is unable with any degree of fairness or accuracy to estimate the loss that the complainant—which fundamentally is the people of the United States of America— has suffered as a result of this misconduct. It is impossible for the Court accurately to measure the inconvenience of the thousands or tens or hundreds of thousands of travellers who suffered from delayed schedules, missed connections, and other discomforts and inconveniences, as a result of this walkout on the part of some of these men. It is impossible for the Court to estimate in financial terms, in dollars and cents, the loss that has been suffered by the people of the United States as a result of the embargo on the mail, as a result of the delay of shipment of munitions of warfare, and possibly the transportation of troops to the Korean War. If the Court attempted to measure the compensation in those terms, it would require using the services of a firm of accountants who would have to devote several years to trying to estimate what the loss to the people of the United States was.

█ Under the circumstances, the Court believes that a proper measure of civil damages in this case would be a reasonable representation of the cost to the Government of bringing these proceedings. Because the Court has no other figures upon which to go, the Court will accept the statement of the United States Attorney for the District of Columbia that the cost to the Government was approximately $25,000 and will utilize this figure in imposing its punishment on the defendants for civil contempt.

In the civil contempt proceedings and upon the plea of guilty to those charges, it is the sentence of the Court that the defendant, the Brotherhood of Railroad Trainmen, pay a fine of $25,000.