The UNITED STATES of America,
Plaintiff,

v.

J. Myer SCHINE, Louis W. Schine, John A. May, Schine Chain Theatres, Inc., Schine Theatrical Co., Inc., Schine Lexington Corporation, Schine Enterprises Corporation, Schine Circuit, Inc., Chesapeake Theatres Corporation, Hildemart Corporation, Darnell Theatres, Inc., Elmart Theatres, Inc., Defendants.

Civ. A. No. 223.

United States District Court
W. D. New York.

Aug. 12, 1954.

John O. Henderson, U. S. Atty., Buffalo, N. Y., Herbert Brownell, Jr., Atty. Gen. of U. S., Stanley N. Barnes, Asst. Atty. Gen., Joseph E. McDowell, Trial Atty., Washington, Lewis Bernstein,

Herbert F. Peters, of counsel, for plaintiff.

Raichle, Tucker and Moore, Buffalo, N. Y., Frank G. Raichle and James O. Moore, Jr., Buffalo, N. Y., of counsel, for defendants.

KNIGHT, Chief Judge.

In distinction from an Order to Show Cause brought by the government and charging the above-named defendants with criminal contempt of this Court and upon which this Court has herewith rendered a decision, there is presented here for determination an Order to Show Cause why the above-named defendants should not be found in civil contempt of this Court by reason of his or its failure to obey, disobedience of and resistance to the final judgment of this Court entered June 24, 1949, as amended by the Order of this Court entered January 22, 1952, *nunc pro tunc* December 17, 1951, and why this Court should not impose such sanctions as are authorized by law to compel performance of the acts required by said judgment.

The defendants appearing by counsel move, under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate the Order to Show Cause and to dismiss the petition aforesaid on the ground that it fails to state a claim upon which relief can be granted in that the plaintiff has no standing to institute a proceeding to punish for civil contempt of a decree in an action under the Anti-Trust Laws.

There is joined with this motion, on behalf of the respondents named in this proceeding, who were not parties to the original action, a motion to dismiss on the same ground, and on the further ground that they are not parties to this proceeding and are not named in or bound by the final judgment herein.

The final judgment, in part, provided: "Jurisdiction of this cause is retained for the purpose of enabling any of the parties to this consent decree to apply to the Court at any time for such orders or direction as may be necessary or appropriate for this construction, modification, or carrying out of the same, for the enforcement of compliance therewith, and for the punishment of violations thereof, or for other or further relief."

The judgment in great detail states the divestiture of theatres to be made by the Schine interests, the conduct of the Schine interests with relation to competing theatres and other restrictions related to the purpose of the action.

The final judgment required the Schine defendants to dispose of all of their interest in certain theatres within three years. The time for such divestiture was extended to June 24, 1953, on condition that defendants dispose of at least one-third of the theatres remaining undisposed of not later than June 24, 1952, and at least two-thirds no later than December 24, 1952. As petitioner alleges, the defendants failed to meet the conditions of this extension and failed to make any of the required divestitures, save those stated in the petition.

The gravamen of the petition is that the pooling arrangement existing at Fostoria, Ohio, was required to be dissolved, and this was to be effected either by dissolution of the corporation through which the defendants' theatre interests in Fostoria, Ohio, were held jointly with non-defendants and return the theatres involved to respective stockholders who owned them prior to the formation of the corporation, or by a sale of defendants' stock in such corporation. It also provided that if such corporations had not been dissolved prior to August 15, 1949, the defendants' stock therein was directed to be sold to the other parties to the pool and to a party other than a defendant or owned by or controlled by or affiliated with or related to the defendants. The petition sets out that the Schine defendants represented that the pooling arrangement covering the joint operation of the theatres in Fostoria, Ohio, had ended on August 13, 1949, and in substance that Schine defendants had divested themselves of all interests in any of the theatres in the Fostoria pooling arrangement; that, in truth and in fact, the Schine defendants still retain an in-

terest in such Fostoria pooling arrangement. It is the claim of the respondents that the proceeding is vitally defective by reason of the failure of the plaintiff to effect a proper joinder of Hildemart, Darnell and Elmart. The defendants Hildemart, Elmart and Darnell theatres are made respondents in this proceeding in so far only as it relates to their own acts charged against them by the petitioner herein.

 The procedure here employed has been sustained by the Courts in many instances. The government does not seek to join these respondents as parties in the original action.

In a recent case titled **J. J.** Theatres v. Twentieth Century-Fox Film Corp., 2 Cir., 212 F.2d 840, 842, Judge Chase said:

> "Warner Bros. Pictures Distributing Corporation, RKO Radio Pictures, Inc., Universal Film Exchanges, Inc., and Universal Pictures, Inc., which are large producers and distributors of motion pictures were added by an amendment to the complaint in the pre-trial order as co-conspirators but not as defendants and also so named were RKO Theatres, Inc., and Radio-Keith Orpheum Corp., which operated theatres in a chain called the RKO Circuit."

See also United States v. Dean Rubber Mfg. Co., D.C., 71 F.Supp. 96; Evans v. International Typographical Union, D.C., 81 F.Supp. 675; Lamb v. Cramer, 285 U.S. 217, 52 S.Ct. 315, 76 L.Ed. 715; Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661.

It is claimed that the United States in enforcing the Anti-Trust Law acts purely in the public interest, solely in its capacity as sovereign and without any proprietary or quasi-proprietary interest, and so acting has no standing to institute and maintain civil contempt proceedings. The contention is contrary to the decisions in similar cases. United States v. Brotherhood of R. R. Trainmen, D.C., 95 F.Supp. 1019; United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884.

It is also claimed that this proceeding is vitally defective by reason of the failure of the plaintiff to effect a proper joinder of Hildemart Corporation, Darnell Theatres, Inc., and Elmart Theatres, Inc., in that no order of the Court has been entered adding them as parties to the action. Rule 21 of the Federal Rules of Civil Procedure provides for the addition of parties by the Court on motion or on its own initiative. The three corporations were not added as defendants by any order of the Court and none such was necessary. This defect is capable of correction and would not alone justify dismissal. Orloff v. Hayes, D.C., 7 F.R.D. 75; Shultz v. Manufacturers & Traders Trust Co., D.C., 1 F.R.D. 53; Society of European Stage Authors & Composers v. W.C.A.U. Broadcasting Co., D.C., 1 F.R.D. 264. These respondents are co-conspirators only with respect to the Order to Show Cause.

The motion to dismiss is denied.