## UNITED STATES v. ARBUCKLE.
### Cr. No. 68155.

District Court of the United States for the District of Columbia.

Feb. 8, 1943.

John L. Laskey, of Washington, D. C., for the United States.

Warren E. Magee and Paul J. Sedgwick, both of Washington, D. C., for defendant.

Howard Boyd, of Washington, D. C., for Robert C. Henderson.

LAWS, Justice.

At the trial of the above-named defendant on a charge of embezzlement, lately held before me, the defendant and a witness named Robert C. Henderson, who was called in defendant's behalf, gave false testimony. This testimony not only tended to establish innocence of the defendant, but strongly suggested criminal guilt of a prosecution witness. In these grievous circumstances, it appeared advisable, if possible, that the Court should act summarily to punish the witnesses. Being willing to accord them full opportunity to explain their testimony, I set a time when the defendant and the witness Henderson might give any reasons they had why the Court should not punish them by way of adjudication in contempt. At the time set, both admitted to me that their testimony was not true in material respects, but both insisted they had been mistaken and that their testimony was not wilfully false. Through counsel, they stated they did not wish to question the power of the Court to act summarily, but at the same time, their counsel frankly advised the Court that after study of applicable law, they felt the Court had no such power. The District Attorney has argued in favor of the power of the Court to act by way of adjudication in contempt.

The Court must squarely decide the question of its jurisdiction to act, without regard to its own wishes or those of counsel. Where witnesses wilfully have given false testimony in open Court, they should be dealt with promptly and severely. The deterrent force of punishment is lost by delay. Respect for the Courts will not be maintained if witnesses are permitted to give false testimony without both challenge and punishment. But there is another point of view, emphasized by the Supreme Court of the United States, that a judge has no power to punish for contempt by reason of false testimony alone, otherwise he would be in a position to force his will upon witnesses and control their testimony. To use its exact words, the Court said: "Thus it would come to pass that a potentiality of oppression and wrong would result and the freedom of the citizen when called as a witness in a court would be gravely imperiled". Ex

parte Hudgings, 249 U.S. 378, 384, 39 S. Ct. 337, 340, 63 L.Ed. 656, 659, 11 A.L.R. 333. In this case, the rule was laid down to be that in a case of perjury committed in open Court, the judge may not punish for contempt, unless, in addition to the perjury, there clearly appears "the further element of obstruction to the court in the performance of its duty". The Court mentioned that other Courts had decided to the contrary, but pointed out that these Courts mistakenly had attributed "a necessarily inherent obstructive effect to false swearing". This seems to require a definition of what is meant by the term "obstructive effect", for it is certain that in every perjury case, the false testimony tends to obstruct justice. In most instances, if not in all, it has the further effect of imposing burdens on the Court and counsel, inasmuch as it requires extensive cross-examination, refuting evidence, expense and delay. But these effects have been held not to constitute the "obstruction to the court in the performance of its duty" referred to by the Supreme Court. State v. Meese, 200 Wis. 454, 460, 225 N.W. 746, 229 N.W. 31. What, then, is perjury having the "obstructive effect" to which the Supreme Court referred? A study of the decided cases which bear on this point seems to establish that it is "perjury which blocks the inquiry". This is the definition given by Hand, J., in United States v. Appel, D.C., 211 F. 495, a case referred to by the Supreme Court, in its Hudgings' decision, as illustrating its view. If false testimony given in a case results in defiance of the Court or in frustration of its right to obtain testimony, then the witness in legal effect is contumacious, he is a contemnor, as well as a perjurer, and may be punished for contempt. But if the witness fully gives testimony, and in so doing testifies falsely, not in order to prevent the inquiry, but only in order to deceive, there is no contumacity, no blocking of the inquiry, and the remedy is solely by indictment for perjury and, trial by jury.

In the present case both Arbuckle and Henderson testified fully and completely. Indeed, it was the detailed and fullsome character of their testimony, together with its definite and positive statements, which made the false testimony so grievous and so objectionable. I find no way in which I can ascribe to their testi-mony any effect by way of blocking the inquiry. Therefore, under decisions binding on this Court, I have concluded I am without power to deal with them by adjudication in contempt. If their guilt or innocence is to be established, it must be by trial upon indictments for perjury.