### BOYLAN et al. v. DETRIO et al.

No. 13368.

United States Court of Appeals
Fifth Circuit.

March 9, 1951.

Amy Burkett, Ocean Springs, Miss., for appellants.

L. K. McIntosh, Moss Point, Miss., R. W. Thompson, Jr., Gulfport, Miss., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

In the course, and as a part, of their efforts to obtain satisfaction of their judgment entered July 1, 1949, in their suit against appellants,[1] plaintiffs, appellees here, applied in that suit for, and obtained, an order upon defendants below, appellants here, to show cause why they should not be fined and punished for civil contempt. The petition, or motion, purported to review at great length the history and course of plaintiffs' efforts to obtain an accounting and satisfaction, and set out at equal length the many instances of contempt of court claimed to have been committed by defendants in resisting these efforts.

Their motion to quash the order to show cause overruled, defendants categorically denied all the charges of contempt, and, in answer to each and all of them, pleaded that they had never at any time willfully, knowingly, or intentionally: done any act or thing in contempt of the court's orders; attempted to impede, or impeded, the administration of justice in the case or the receipt of justice therein by plaintiffs; sworn falsely to, or acted falsely in respect of, any matter or thing; and that they had truthfully accounted and truthfully made answer to all questions.

Defendants also moved to dismiss the petition because the motion to show cause, if taken as true, did not in law show the commission of a civil contempt. This motion denied, the court, on September 8,

1. Cf. Detrio v. Boylan, 5 Cir., 169 F.2d 77; Boylan v. Detrio, 5 Cir., 187 F.2d 28.

1949, filed lengthy findings of fact and conclusions of law, that defendants, with the intention to obstruct and impede the administration of justice and in contempt of court, had committed many crimes, including false swearing and perjury. On the same day it entered a judgment, on the basis of these findings, adjudging both defendants guilty of civil contempt but ordering the cause continued for the imposition of a compensatory fine.

On December 21, 1949, the defendants were called up for sentencing, and each was sentenced to pay on or before January 20, 1950, a fine of $25,000 in the nature of a compensatory fine, to be applied on the judgments entered against them in plaintiffs' favor, and, in default of payments, defendants to stand committed.

On January 29, 1950, the judgment and order imposing these fines was set aside, and the defendants were granted a new trial as to them.

On April 12, 1950, the matter came on for final hearing, and on June 12, 1950, plaintiffs presented to the court for its adoption, and the court adopted, additional findings of fact and conclusions of law,[2] and on the basis of these and its earlier findings, the court entered a final judgment, fining each of the defendants $25,000, and ordering each of them, on or before the 1st day of August, 1950, to pay the fine as follows: To Louis Detrio $19,-

---

2. Plaintiffs' Request for Findings of Fact and Conclusions of Law:

The plaintiffs request the court to make the following findings of fact, and to draw therefrom the following conclusions of law, to wit:

1. That as a result of the actions heretofore found by the court to have been committed by the defendants, prolonged delays occurred in the obtaining by the plaintiffs of their judgments against the defendants in this cause; and that the said defendants willfully, deliberately and purposely, in contempt of this court, planned and performed the said acts for the purpose of causing said delays, in order to enable said defendants willfully and corruptly, and in contempt of this court, to convert to their own uses and to conceal the subject matter involved in this cause, i. e., the interests, and the values of the interests of the plaintiffs, respectively, in the said partnership Consolidated Tile and Deck Coverings, and the corporation Consolidated Tile Company, Inc.: and that during said delays, so corruptly and contemptuously caused by the defendants and each of them, the said defendants did destroy the value of, and convert to their own use, willfully, purposely, deliberately, and in contempt of this court, the value of the shares and interests owned by the plaintiffs, and each of them, in the said partnership, and the said corporation, forming the subject matter of this litigation.

2. That the defendants' commission of the foregoing acts constituted a civil contempt, rendering them liable to the imposition of a compensatory fine payable to the plaintiffs, and each of them.

3. That the value of said shares and interests of the plaintiffs, respectively, in the said partnership and the said corporation, at the time of the destruction and conversion thereof by the defendants, and each of them, were as follows: The value of the share and interest of the plaintiff Louis Detrio was $98,578.66; and the value of the share and interest of the plaintiff Sylvester Detrio was $23,243.93.

4. That the plaintiffs have been damaged by the said civil contempt of the said defendants, and each of the defendants, in destroying and converting to their own use the value of the said shares, as follows: The plaintiff Louis Detrio has been damaged in the sum of $98,578.66, and the plaintiff Sylvester Detrio has been damaged in the sum of $23,243.93.

5. That said defendants as a part of their said corrupt and contemptuous scheme to destroy the subject matter of this litigation, and to convert the plaintiffs' interests in said partnership and said corporation to their own use during said corruptly and contemptuously created delay of the plaintiffs in obtaining their said judgments in this cause against said defendants, have placed parts of the said interests of the plaintiffs in said shares in the defendants' wives' names, and otherwise concealed them; but each of said defendants now is able to obtain $25,000.00, and pay said amounts as a compensatory fine in this case.

6. That said defendants each should be fined $25,000.00 for said civil contempt; said fine to be payable to the plaintiffs as follows: To the plaintiff Louis Detrio the sum of $19,105.24 by each of said defendants, and to the plaintiff Sylvester Detrio the sum of $5,894.76 by each of said defendants, as damage sustained by said plaintiffs from said civil contempt.

105.24; to Sylvester Detrio, $5,894.76; or stand committed and imprisoned in a penal institution.

Defendants, appealing from this order, are here insisting that the judgment may not stand because the findings on which it rests are not fairly supported by evidence and are clearly erroneous, and further that none of the facts found constitute civil contempt or furnish any basis for the judgment appealed from.

We agree. The petition or motion for order to show cause charged the commission of a long list of acts, such as perjury, false swearing, concealment and covin, as done knowingly, willfully, corruptly and with the felonious intent and design to obstruct justice, but it did not allege, nor did the proof show, that appellants were damaged by any of said acts so as to justify the contempt order, nor did the petition pray that appellees be fined as compensation for damages caused to them by the contempts claimed.

 We put to one side the question of the insufficiency of the evidence to support these findings other than to say that in the state of the proof as to the complete insolvency of defendants and their inability to pay any sum, the order should not have been entered except upon clear proof. It is sufficient to say that, whatever may be said of the findings, if correct as made, as a basis for a criminal contempt, they do not furnish any basis for an order in civil contempt. Civil contempt proceedings are remedial and coercive, not punitive, in their nature, they look only to the future. They are not instituted as punishment for past offenses, but to compel obedience to the orders and decrees of the court made for the benefit not of public justice but of parties to the litigation to compensate them for losses caused by defendants' disobedience of earlier orders and decrees made for their benefit.[3]

What plaintiffs have charged, and what the court has found, is obstruction of the administration of justice. This is not a civil but a criminal contempt. If proven, as required in such cases, it could furnish no basis for the order appealed from.

For example, the appellees charge, and the court finds, among other acts of contempt, that appellees were guilty of false swearing and perjury. These matters, if proven, would not constitute civil contempt. Indeed they would not, standing alone, constitute criminal contempts.

In United States v. Arbuckle, D.C., 48 F.Supp. 537, the court points out that, however much false testimony should be deplored and strongly dealt with, "a judge has no power to punish for contempt by reason of false testimony alone, otherwise [a judge] would be in a position to force his will upon witnesses and control their testimony." It further points out that, if the court could punish for contempt merely because it believed the witness was guilty of perjury: " * * * 'it would come to pass that a potentiality of oppression and wrong would result and the freedom of the citizen when called as a witness in a court would be gravely imperiled'. Ex parte Hudgings, 249 U.S. 378, 384, 39 S.Ct. 337, 340, 63 L.Ed. 656, 659."

The balance of the charges and findings are in substance the same. While some of them might be considered as furnishing a basis, within the rule of the Hudgings case, for a criminal contempt, none of them furnish any basis for the civil contempt order under review here. The authorities relied on by appellant[4] do not all support the order. Indeed they are precisely to the contrary effect. They were all cases where the parties adjudged in contempt had vio-

---

3. 12 Am.Jur., p. 392, "Contempt", Sec. 6. Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797; Lamb v. Cramer, 285 U.S. 217, 52 S.Ct. 315, 76 L.Ed. 715; Walling v. Crane, 5 Cir., 158 F.2d 80; Ex parte Grossman, 267 U.S. 87, 45 S.Ct. 332, 69 L.Ed. 527.

4. Walling v. Crane, 5 Cir., 158 F.2d 80; Parker v. U. S., 1 Cir., 126 F.2d 370; Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797; U. S. v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884; Rivers v. Miller, 5 Cir., 112 F.2d 439; Penfield Co. v. Securities and Exchange Com., 330 U.S. 585, 67 S.Ct. 918, 91 L.Ed. 1117.

lated a decree of the court directing them to take or not to take action, and this violation had caused damage and loss to the person for whose benefit and protection the decree had issued.

 In these cases the requisites and conditions of civil contempt and of the remedial orders appropriate thereto were all present. These requisites are that a civil contempt exists only where there is a disobedience of court orders to the damage of the other party and the punishment is by imprisonment to coerce the performance of an affirmative act or by the imposition of a fine to compensate the injured party for actual loss or damage suffered because of the disobedience of an order or decree of the court made for his benefit.[5]

In Parker v. U. S., 1 Cir., 153 F.2d 66, 163 A.L.R. 379, one of the cases mainly relied on by appellees, it is said: "In civil contempt proceeding a punitive fine cannot. be imposed upon respondent, and where a fine is imposed it must not exceed the actual loss to the complainant caused by respondent's violation of the decree in the main cause plus complainant's reasonable expenses in the proceedings necessitated in presenting the contempt for the judgment of court."

In U. S. v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 680, 91 L.Ed. 884, it was declared: "Where compensation is intended in civil contempt proceeding, a fine is imposed payable to complainant but fine must be based on evidence of complainant's actual loss (from the contempt), and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy."

All of the charges in the petition relate to past acts which if done cannot be undone or remedied by any order of the court. If these acts constituted civil contempt, and they do not, the only punishment which could be imposed would be a fine to compensate appellees for loss or damage actually suffered because thereof.

The appellees do not allege that they have suffered any loss or damage because of the acts of defendants charged, nor do they offer of evidence sufficient to prove that they have suffered any loss or damage because of any disobedience of any order or decree of the court. The order in civil contempt, therefore, may not stand.

Boiled down to its essentials, this proceeding and the judgment on it come down to this, that, apprehensive that defendants have become insolvent and that they will be unable to collect their judgment by ordinary court proceeding, appellants are trying to do what, in Walling v. Crane, supra, this court said could not be done in civil contempt proceedings, "collect the judgment through the device of 'a compensatory fine in an amount equal to the underpayments,' which, stripped of its nomenclature and viewed in the light of reality, would show up simply as the imposition of punishment in an attempt to collect a debt."

The order appealed from is reversed and the cause is remanded for further and not inconsistent proceedings.

---

5. Gompers v. Buck's Stove & Range Co., supra, 12 Am.Jur., "Contempt", Sec. 62.