222 F.2d 709
 Nellie V. HOFFMAN and Henry Hoffman, Appellants,
v.
Alfred PERRUCCI (Henry HOFFMAN, Third-Party Defendant).
American Automobile Insurance Company, Associated Indemnity
Corporation, and American Associated Insurance
Compains, Respondents-Appellees.
 No. 11420.
 United States Court of Appeals Third Circuit.
 Argued March 8, 1955.
Decided May 12, 1955.
 
 Samuel H. Landy, Philadelphia, Pa. (Abraham E. Freedman, Charles Lakatos, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellants.
 Arthur Littleton, Philadelphia, Pa. (John R. McConnell, J. Wesley Oler, Philadelphia, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief), for appellees.
 Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.
 McLAUGHLIN, Circuit Judge.
 
 
 1
 In this automobile accident case before trial had actually begun plaintiffs filed a motion for issuance of a contempt citation against a group of insurance companies, the appellees herein. Those companies, otherwise unconnected with the named appeal suit, were responsible for a series of advertisements in Life Magazine and the Saturday Evening Post and a separate pamphlet that was given general distribution. The purport of those advertisements and pamphlet was to the effect that 'excessive jury awards' were responsible in part at least for the raising of insurance rates. One such advertisement read:
 
 
 2
 'Next time you serve on a jury, remember this: When you are overly generous with an insurance company's money, you help increase not only your own premiums, but also the cost of every article and service you buy.'
 
 
 3
 Plaintiff's motion asked that the respondent insurance companies be perpetually restrained from causing said or similar advertisements to be published, that they be directed to make public retraction, that the trial judge instruct the jury in accordance with an attached request for charge, and that the court give such other and further relief as it might deem just and appropriate. The respondents moved to dismiss the motion. The district judge, stating that (117 F.Supp. 39) 'There is no controversy as to the facts', concluded with respect to the issues that, 'The only material disputes are on questions of law as to the legal effect of the advertisements and pamphlet, and the right of the respondents to issue them.' The matter was argued by both sides in the district court on that basis and is here so presented. The trial court dismissed the motion on the ground that '* * * the out-of-court publication of these advertisements and the distribution of the pamphlet do not interfere with the ordinary administration of justice in the action before this court. There is not present that extremely high degree of imminence of the substantive evil which would justify punishment of the publications.' The court also said: 'Before a jury is empaneled to hear the action here involved, plaintiffs will have an opportunity to question the prospective jurors concerning the possible effect such advertisements and pamphlet may have on any award of damages which they may render.'
 
 
 4
 Respondents move to dismiss this appeal on the ground that the proceedings below were for alleged criminal contempt and that appellants have no standing to appeal from the judgment dismissing them. If we are here dealing with an alleged criminal contempt the point is well taken for by statute only the United States or someone on its behalf may appeal from such a judgment. 18 U.S.C. § 3731;[1] see United States v. Sanders, 10 Cir., 1952, 196 F.2d 895, 897, certiorari denied 1952, 344 U.S. 829, 73 S.Ct. 33, 97 L.Ed. 645. There is no contention by appellants that they brought this appeal 'on behalf of the United States' nor was the original action in the district court entitled 'United States ex rel.' plaintiffs as was a prior proceeding founded on the same advertisements. United States ex Rel. May v. American Machinery Co., D.C.E.D.Wash.1953, 116 F.Supp. 160.[2]
 
 
 5
 Plaintiffs directly charged in their motion that the respondents' actions and conduct in connection with the advertisements and pamphlet 'are illegal and in contempt of court, in that they constitute jury tampering * * *.' They asserted that the 'advertising campaign is an insidious attempt on the part of the said Insurance Companies to undermine and corrupt the sanctity of the jury system, and to illegally tamper with the administration of justice, * * *.' Beyond question they accuse respondents of an infamous crime. In re Opinion of the Justices, 1938, 301 Mass. 615, 17 N.E.2d 906.[3] See also Nye v. United States, 1941, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172.
 
 
 6
 The trial court's opinion, while not expressly designating the contempt charged as criminal, does so indicate by holding that respondents' actions 'do not interfere with the ordinary administration of justice' and do not present such a threat that 'would justify punishment.'
 
 
 7
 The present circumstances do have some minor civil contempt features but their predominate characteristics are criminal and punitive in their nature. As we have seen a vicious crime is charged. The respondent companies are strangers to the litigation, a 'significant' fact strongly suggesting the dominant punitive type of the proceedings. See Nye v. United States, supra, 313 U.S. at page 43, 61 S.Ct. at page 813. In that matter though the United States was not a party originally[4] the Supreme Court on facts quite similar to the case at bar held the contempt there to be criminal saying, 'The prayer for relief and the acts charged carry the criminal hallmark.'
 
 
 8
 Here, among other things, a permanent injunction is prayed for which might seem directed to the Hoffman suit until it is noted that the prayer asks 'that the said Insurance Companies be perpetually restrained and enjoined from causing the said or similar advertisements and pamphlets to be published and disseminated.' (Emphasis supplied.) It is readily inferable from this that plaintiffs' attorneys had much more in mind than the instant action. As one of those attorneys stated in the district court, 'We are here more in the role of an officer of the Court than we are as attorney representing a litigant, and we are alleging, without going into the merits, that in the obstruction of justice, if we are correct in our contention, there is great harm being done to the Court and to everybody involved.'
 
 
 9
 In the plain situation before us it is doubtful whether the plaintiffs could have actually obtained civil relief. In Boylan v. Detrio, 5 Cir., 1951, 187 F.2d 375, the plaintiffs complained of their inability to obtain satisfaction of their judgment against the defendants and charged them with intention to obstruct and impede the administration of justice by committing false swearing, perjury and other crimes. The district court found the defendants guilty of civil contempt and fined them $25,000, with the fine to be applied on the judgments. The Fifth Circuit by Chief Judge Hutcheson reversed saying, at page 378: 'What plaintiffs have charged, and what the court has found, is obstruction of the administration of justice. This is not a civil but a criminal contempt. If proven, * * * it could furnish no basis for the order appealed from.'
 
 
 10
 The Supreme Court of Kansas in a case identical to the one at bar likewise concluded that the contempt there involved was criminal, not civil. Its reasoning was that:
 
 
 11
 'Here the appellee Insurance Companies are not charged with the disobedience of an order of court previously made for the benefit of an opposing party litigant-- the plaintiff. No rights of private parties, in the sense that orders or decrees for their benefit have been made, are involved. No private rights in past litigation are sought to be enforced or vindicated. Despite that that which plaintiff denominates as 'remedial relief' is sought, in the overall picture it is clear that plaintiff's real complaint consists of the charge of jury tampering, which, in turn, obstructs the administration of justice, in a general sense.
 
 
 12
 'Within the definitions laid down in the foregoing authorities we have no difficulty in concluding that the contempt charged here, despite the statement of the trial court to the contrary, but which is not binding on this court, is criminal contempt, rather than civil.' Hendrix v. Consolidated Van Lines, Inc., 1954, 176 Kan. 101, 269 P.2d 435, 441.
 
 
 13
 The plaintiffs have here attempted to have respondents cited for criminal contempt but this appeal has not been taken 'by and on behalf of the United States' as required by the statute. The motion to dismiss must therefore be granted.[5]
 
 
 14
 Even if we were to decide that the contempt charged was appealable there is nothing in this record that would justify us in disturbing the basic conclusion of the district judge that 'We feel that the out-of-court publication of these advertisements and the distribution of the pamphlet do not interfere with the ordinary administration of justice in the action before this court.' Bridges v. California, 1941, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192; Pennekamp v. Florida, 1946, 328 U.S. 331, 66 S.Ct. 1029, 190 L.Ed. 1295; Craig v. Harney, 1947, 331 U.S. 367, 67 S.Ct. 1289, 91 L.Ed. 1546. Appellants attack the relevancy of those opinions (314 U.S. 252, 62 S.Ct. 194) urging that the 'clear and present danger' doctrine under the First Amendment pertains only to a limitation on the powers of Congress and has no application to the federal courts. They refuse to accept what the Supreme Court specifically stated it was doing in Bridges v. California, supra, 314 U.S. at page 260, 62 S.Ct. at page 192, namely, that 'in deciding whether or not the sweeping constitutional mandate against any law abridging the freedom of speech or of the press' forbids it, we are necessarily measuring a power of all American courts, both state and federal, including this one.' (Emphasis supplied.) We think the limitation of the 'clear and the present danger' principle sharply restricts the district court (a creation of the Congress) in this First Amendment case and was properly applied in this instance. Cf. Edward G. Budd Mfg. Co. v. National Labor Relations Board, 3 Cir., 1944, 142 F.2d 922.[6]
 
 
 15
 The appeal will be dismissed.
 
 
 
 [1]
 The statutes reads in part:
 'An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:
 'From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section.'
 
 
 [2]
 In that cause, the contempt charges were dismissed on the ground that the advertisements were not within the physical presence of the court as required by Nye v. United States, 1941, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172. See also People ex rel. Barton v. American Automobile Insurance Co., Cal.App.1955, 282 P.2d 559, 565, a quo warranto proceeding involving the same advertisements. Judgment for the defendants was there affirmed on the ground that the suit amounted to 'an infringement upon rights guaranteed respondents by the Federal and State Constitutions.'
 
 
 [3]
 The contempts in that case 'consisted, in substance, of obstructing and interfering with the course of justice by corrupting and unlawfully influencing persons serving as jurors in the Superior Court at a time when it was possible that some or all of them would be drawn to sit in the trial of indictments in which said * * * (defendants) were charged with having committed crimes, so that a fair trial of the indictments at the time set therefor was made impossible.' The court there held that: 'Such contempts clearly are in the category of criminal contempts.' In re Opinion of the Justices, 17 N.E.2d 909, supra
 
 
 [4]
 The United States was made a party in that action when it was docketed in the Circuit Court of Appeals
 
 
 [5]
 Appellants further argue that their alleged failure to comply with Rule 42(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., and give proper notice of a criminal proceeding supports their contention that this is on the civil side. That might be ground for reversing a conviction or for declining to adjudge one guilty of criminal contempt as Judge Igoe did in Bigelow v. R.K.O. Radio Pictures, D.C.N.D.Ill.1948, 78 F.Supp. 250, affirmed 7 Cir., 1948, 170 F.2d 783, but it would hardly seem to be available here to appellants as being decisive on the issue of whether their proceeding was criminal or civil. In United States v. United Mine Workers of America, 1947, 330 U.S. 258, 297-298, 67 S.Ct. 677, 91 L.Ed. 884, the Supreme Court held that the mere failure to label a proceeding criminal does not invalidate it under Rule 42(b)
 
 
 [6]
 Appellants have also overlooked the Fifth Amendment's guarantee that no person shall be deprived of liberty without due process of law. The Supreme Court has recently stated that 'Liberty under law extends to the full range of conduct which the individual is free to pursue * * *.' Bolling v. Sharpe, 1954, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884