**Willie Ray BLANKENSHIP et al., National Bank of Washington, Appellant,**

v.

**W. A. (Tony) BOYLE et al.**

**No. 71-1430.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 10, 1971.

Decided June 25, 1971.

Mr. Jo V. Morgan, Jr., Washington, D. C., with whom Messrs. John J. Wilson and William E. Rollow, Washington, D. C., were on the motion for stay, for appellant.

Mr. Edgar H. Brenner, Washington, D. C., with whom Messrs. Harry A. Huge, Armistead W. Gilliam, Jr., and Thomas J. McGrew, Washington, D. C., were on the objection to the motion for stay, for appellees Blankenship and various beneficiaries.

Before LEVENTHAL, MacKINNON and WILKEY, Circuit Judges.

PER CURIAM:

We consider this case on the application by the National Bank of Washington (Bank) for a stay pending appeal. Although the applicant demonstrates irreparable injury if the stay is denied, we conclude that it fails to provide a sufficient showing of likelihood of success on the merits of the appeal to warrant the requested relief.

The District Judge did not base his ruling in the *Decree of Equitable Relief* on the premise that as a matter of law a trustee cannot make a deposit in a bank operated by such a trustee. Such a premise would have required careful consideration by this court in light of the pertinent doctrine on this subject.[1] The District Judge rather proceeded on the premise that such a deposit relationship requires careful scrutiny by the court. After his consideration of the relationship during the month-long trial

---

1. We note, for example, that the Uniform Trustees' Powers Act provides, § 3(c): "A trustee has the power * * * (6) to deposit trust funds in a bank, including a bank operated by the trustee." This was approved in 1964 by the National Conference of Commissioners on Uniform State Laws and the American Bar Association.

he found that the Bank acted with knowledge that the funds maintained by the trustees of the Fund in non-interest-bearing accounts were substantially in excess of the Fund's need for cash. Although we need not now make a forecast whether the Bank is likely to be held liable in damages, there was enough possibility of taint to warrant the District Judge, in fashioning an equitable decree and in providing a prudent course of conduct for trustees of the Fund to follow in the future, to have ordered the trustees to place their deposits after September 6, 1971, in a bank in which they have no interest.[2]

We interpret the decree to permit the new trustees to apply for relaxation of such provision if they be advised, after consultation with their newly-appointed investment adviser, that it is likely that the Fund's retention of its deposit(s) in the Bank would be in the best interests of the Fund and of its beneficiaries. On that assumption the prayer for a stay is denied.

So ordered.

---

2. We construe the decree as similarly requiring the trustees to reinvest elsewhere their funds from the certificates of deposits as they mature before September 6.