**Eugene BURNS, John Mutsko, Roy Plummer, Louis Beaujon, Ron Snyder and Evelyn Ardini, Plaintiffs,**

**v.**

**COUNTY OF CAMBRIA, PENNSYLVANIA; Cambria County Salary Board; Joseph P. Roberts, Ron Stephenson and T.T. Metzger, Jr., individually and as Cambria County Board of Commissioners and Members of Cambria County**

**Salary Board; Robert McCormick, individually and as Cambria County Controller and Member of the Cambria County Salary Board; Thomas Burns, individually, and Acting Sheriff and Member of the Salary Board of Cambria County; Jay Roberts, individually, and as Sheriff of Cambria County; Laurel Crest Manor; Wendell P. Davis, individually and as Administrator of Laurel Crest Manor; and Jeffrey Saintz, individually, and as Personnel Director of Cambria County, Defendants.**

Civ. A. No. CA87–2606.

United States District Court, W.D. Pennsylvania.

Sept. 3, 1991.

William C. Andrews, Maiello, Andrews and Price, Pittsburgh, Pa., for plaintiffs.

David R. Johnson, Thomson, Rhodes and Cowie, Pittsburgh, Pa., Alex E. Echard, Mt. Pleasant, Pa., Dino S. Persio, Ebensburg, Pa., Dennis J. Clark, Plunkett and Cooney, Detroit, Mich., Tom Livingston, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

LEE, District Judge.

August 30, 1991

On June 28, 1991, all six plaintiffs filed a Motion to Amend Interlocutory Order seeking to have this Court:

(a) amend the May 4, 1988 Order dismissing Count IV as to plaintiffs Burns, Mutsko, Beaujon, Plummer and Snyder, and

(b) amend the June 4, 1991 order granting defendants' motions for summary judgment on Count IV as to plaintiff, Ardini.

On July 9, 1991, plaintiffs Burns and Snyder filed a Motion to Amend and Certify Interlocutory Order, requesting this Court:

(a) amend and certify its Order of June 4, 1991, and state that as to plaintiff Burns, such Order involves a controlling question of law whether plaintiff Burns falls within the *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980) exceptions to the proscription of political affiliation discharges, and

(b) amend and certify its Order of June 4, 1991, and state that as to plaintiff Snyder, such Order involves a control-

ling question of law whether his status as a convicted felon precludes him from being employed by Cambria County in a position other than as a deputy sheriff.

■ Defendants contend this Court should not reach the merits of the above motions because it lacks jurisdiction. Because the defendants had appealed this Court's denial of their motion for summary judgment based upon qualified immunity prior to plaintiff's filing the motions at issue, defendants maintain that this Court lacks jurisdiction to make such amendment or certification requested. We disagree.

Though the filing of a notice of appeal generally divests the district court of jurisdiction over matters appealed, *Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982), "a trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court ... But it may not finally adjudicate substantial rights directly involved in the appeal." *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177, 42 S.Ct. 264, 267, 66 L.Ed. 538 (1922), *citing Hovey v. McDonald*, 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883), and *Merrimack River Savings Bank v. Clay Center*, 219 U.S. 527, 534, 31 S.Ct. 295, 296, 55 L.Ed. 320 (1911).

This Court's ruling on the above motions does nothing to disturb the status quo of the action. Substantive rights involved in the defendants' appeal to the Third Circuit Court of Appeals will remain undisturbed regardless of the rulings on the above motions.

■ An appeal under 28 U.S.C. § 1292(b)[1] is appropriate only on limited and specific occasions. Courts should strictly construe 28 U.S.C. § 1292(b) and should utilize it as a means to facilitate an appeal only in exceptional circumstances. *Gardner v. Westinghouse Broadcasting Company*, 559 F.2d 209, 212 (3d Cir.1977)

---

1. 28 U.S.C. § 1292(b) provides:
   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of

law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*aff'd* 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364.

In *Katz v. Carte Blanche Corporation,* 496 F.2d 747, 754 (3d Cir.1974), the Court determined:

> The statute imposes three (3) criteria for the District Court's exercise of discretion to grant a § 1292(b) certificate. The Order must (1) involve a "controlling question of law," (2) offer "substantial ground for difference of opinion" as to its correctness, and (3) if appealed immediately "materially advance the ultimate termination of the litigation."

Plaintiffs' motion to amend the Order of May 3, 1988, must be denied. Not only was such order not "appealed immediately," it meets none of the above criteria. The same can be said about plaintiffs' request to amend the June 4, 1991 order granting defendants' motions for summary judgment on Count IV as to plaintiff, Ardini. 764 F.Supp. 1031. Ardini based her claim of a property right in her employment on an employment booklet. This Court found that no such property right exists. Though this may be construed as a "controlling question of law" as to such claim, the remaining criteria are not found here.

Plaintiffs' Motion to Amend and Certify Interlocutory Order filed on July 9, 1991, must also be denied. Plaintiffs have not identified a "controlling issue of law" as contemplated by § 1292(b). Plaintiffs' motion is based upon this Court's application of the facts of record to the controlling law. Plaintiffs have not demonstrated that the required criteria necessary for § 1292(b) certification are present. Therefore, it is hereby

ORDERED, that plaintiffs' Motion to Amend Interlocutory Order filed on June 28, 1991 is DENIED.

IT IS FURTHER ORDERED, that the motion of plaintiffs Burns and Snyder to Amend and Certify Interlocutory Order filed on July 9, 1991 is DENIED.