**BARNSTEAD BROADCASTING CORPORATION, Plaintiff,**

v.

**OFFSHORE BROADCASTING CORPORATION, Defendant.**

**Civ. A. No. 94–2167 PLF.**

United States District Court, District of Columbia.

Dec. 1, 1994.

Lewis J. Paper, Charles B. Molster, III and Carol A. Joffe, Washington, DC, for plaintiff.

Mary A. McReynolds, Washington, DC, for defendant.

Vincent J. Curtis, Jr., Rossly, VA, for intervenors.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

Barnstead Broadcasting Corporation and Offshore Broadcasting Corporation each held permits issued by the Federal Communications Commission to construct and operate television stations. In November 1990, they entered into a written contract by which they agreed to withdraw the Objections each had filed against construction permit extension applications that the other had filed with the FCC. The parties also agreed in the November 1990 contract to refrain from filing further objections concerning the construction of their respective stations and not to interfere "in any way" with the construction and operation of the other's station.

On June 17, 1994, Barnstead and BAF Enterprises, Inc., executed an assignment agreement pursuant to which Barnstead agreed to assign its construction permit to BAF. The agreement between Barnstead and BAF and an assignment application were filed with the FCC on June 28, 1994. The assignment application was placed on the FCC's public notice on July 11, 1994. On or about August 18, 1994, Offshore filed an Informal Objection to the Barnstead assign-

ment application. Barnstead filed this action on October 10, 1994, and sought a temporary restraining order and preliminary injunction to require Offshore to withdraw its Informal Objection. Plaintiff alleged that Offshore's Objection constituted a breach of a November 1990 contract and effected a delay in FCC action on the assignment application that was likely to cause Barnstead to lose the contract with BAF.[1] The Court, by Opinion and Order dated October 21, 1994, found that a preliminary injunction was warranted and, *inter alia*, ordered Offshore to withdraw its Informal Objection by the close of business on October 24, 1994.

Offshore withdrew its Objection on October 24, 1994. On October 28, 1994, the Federal Communications Commission approved Barnstead's application to assign its construction permit to BAF. The FCC published a notice of the approval on November 9, 1994, triggering a thirty-day period within which a party may appeal or seek reconsideration of the approval. That period closes on December 9, 1994.

On October 28, 1994, Offshore filed a Motion To Dismiss Barnstead's Complaint for lack of personal jurisdiction and improper venue. On November 3, 1994, Offshore filed a Motion For Clarification Of Preliminary Injunction. On November 7, 1994, Offshore filed a Motion To Dissolve The Preliminary Injunction Or, In The Alternative, For Stay Of Preliminary Injunction Pending Appeal and a Motion To Continue The Rule 26(f)/206 Conference And Report To The Court. On November 21, 1994, Offshore filed a Notice Of Appeal from the Court's October 21, 1994 Order granting the preliminary injunction.

■■■ Before addressing any of the four motions filed by Defendant, the Court must first consider the effect of Defendant's Notice of Appeal on the Court's authority to consider the pending motions. The filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *United States v. El-O-Pathic Pharmacy,* 192 F.2d 62, 79–80 (9th

---

1. The Complaint also contains claims for breach of a 1994 oral agreement, fraudulent misrepre-

sentation and intentional interference with business relations.

Cir.1951) (per curiam); *Common Cause v. Judicial Ethics Comm.*, 473 F.Supp. 1251, 1254 (D.D.C.1979). When an appeal is taken from an interlocutory order, such as the grant or denial of an injunction, however, the district court retains jurisdiction to act with respect to matters not related to the issues involved in the appeal or when a district court's action would aid in the appeal. *Taylor v. Sterrett*, 640 F.2d 663, 667–68 (5th Cir.1981); *Burns v. County of Cambria, Pa.*, 788 F.Supp. 868 (W.D.Pa.1991); *see generally* 9 Moore's Federal Practice, ¶ 203.11 at 3–45 to 3–55 (2d ed. 1992). Transfer of jurisdiction upon appeal is a discretionary rule designed to avoid the confusion and waste of time that would arise if two courts were considering the same issues simultaneously. *In the Matter of Thorp*, 655 F.2d 997 (9th Cir.1981). With these principles in mind, the Court concludes that it has jurisdiction to decide the pending motions.

■ In Defendant's Motion To Dismiss the complaint, Offshore argues that the Court lacks personal jurisdiction and that venue is improper in this Court. These arguments were not presented to the Court during the earlier stages of this litigation. Because jurisdiction over the parties is an issue not directly involved in the matters on appeal, the Court retains jurisdiction to address Defendant's motion to dismiss even though a notice of appeal has been filed.

■ Prior to filing its Motion To Dismiss, Defendant filed an opposition to Plaintiff's motion for preliminary injunctive relief and appeared in court to argue against the request for a preliminary injunction. Objections on the basis of personal jurisdiction and venue were not raised either in Defendant's papers or at argument. The purpose of requiring all jurisdictional defenses to be raised promptly is to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits. Rule 12, Fed.R.Civ.P. While normally raised in a party's answer or by motion, defendants wishing to raise lack of personal jurisdiction or improper venue must do so "in their first defensive move," which may or may not be the filing of an answer or a motion to dis-

miss. *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment Fund*, 967 F.2d 688, 691–92 (1st Cir.1992); *See also Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543 (3d Cir.1967); *Backo v. Local 281, United Brotherhood of Carpenters and Joiners*, 308 F.Supp. 172, 176 (N.D.N.Y.1969), *aff'd*, 438 F.2d 176 (2d Cir. 1970).

■ An objection to personal jurisdiction and venue may be waived "by submission [in a cause] through conduct." *Manchester Knitted Fashions v. Amalgamated Cotton Garment Fund*, 967 F.2d at 692 (citation omitted). "If a party enters a case, makes no objection to [personal] jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection." *Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773 (5th Cir.), *cert. denied*, 498 U.S. 926, 111 S.Ct. 307, 112 L.Ed.2d 261 (1990) (citation omitted); *see also Securities Industry Ass'n v. Board of Gov. of Federal Reserve System*, 628 F.Supp. 1438, 1440 (D.D.C.1986) (intervenor cannot participate in lawsuit to protect its interest without submitting to the court's jurisdiction). In *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, the court explained:

> [I]f a defendant appears he may assert lack of jurisdiction over his person either by timely motion or answer. If he appears and fails to file a timely motion or answer, he will be deemed to have waived the defense. But this is not the only manner in which the defense can be waived; . . . the defendant may waive the defense by action or conduct other than his voluntary appearance. It is precisely this second ground, i.e., the defendant's conduct or action, on which the district court based its conclusion that there had been a waiver.

376 F.2d at 546. *Mattox* involved non-parties who filed an opposition to plaintiff's request for a temporary restraining order and participated in the TRO hearing. The court of appeals concluded that they had come voluntarily into court and thus waived any objection to personal jurisdiction. Similarly, in this case, Defendant failed to object to jurisdiction and venue during the preliminary

injunction proceedings. It therefore has waived its right to do so now. Defendant's Motion to Dismiss is denied.[2]

■ Defendant's second motion requests the Court to clarify its preliminary injunction order. The Court retains jurisdiction to decide Defendant's Motion for Clarification because to do so might aid in the appeal. By its motion, Offshore seeks to ascertain whether it would be in violation of the Court's injunction if it provided the FCC and members of the general public and the press with copies of the formal papers filed with the Court in connection with this case. Plaintiff opposes Defendant's request, arguing that Offshore should not be permitted to do indirectly what it may not do directly. Plainly, Offshore seeks to inform the FCC and the public of the reasons for its objections to Barnstead's assignment application. The papers filed in this case are matters of public record, however, and no argument has been made to the Court that would justify any restraint on dissemination of such public filings. Defendant's Motion For Clarification therefore is granted with the proviso that Offshore is not permitted to alter or present the formal filings in this case in a manner that suggests that it is filing an objection to the grant of Barnstead's assignment application or to otherwise violate the letter or spirit of the preliminary injunction.

■ The Court also retains jurisdiction to address Defendant's third motion, its Motion To Dissolve The Preliminary Injunction Or, In The Alternative, For Stay Of Preliminary Injunction because resolution of the motion will not interfere with the status of the case before the Court of Appeals. A district court plainly has jurisdiction to consider a motion for stay pending appeal. Indeed, Rule 8(a), Fed.R.App.P., requires that a stay pending appeal be brought in the first instance in the

district court before such a request is made to the court of appeals. Defendant's motion reasserts the personal jurisdiction and venue arguments disposed of above, as well as arguing that the preliminary injunction was improvidently granted. For the reasons stated in the Court's October 21, 1994 Opinion and Order, and because Defendant has waived its personal jurisdiction and venue objections, the Court denies Defendant's Motion To Dissolve The Preliminary Injunction.

■ In considering Defendant's request for a stay pending appeal, the Court must weigh: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C.Cir.1985). In order to obtain a stay, Respondent must demonstrate "either a high probability of success and some injury, or vice versa." *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d at 974. Even should Respondent show that irreparable harm would result without the imposition of a stay, if Respondent has not provided a sufficient showing of likelihood of success on the merits of the appeal, the stay will not be granted. *Blankenship v. Boyle*, 447 F.2d 1280 (D.C.Cir.1971). For the reasons stated in the Court's October 21, 1994 Opinion and Order, and because Defendant has waived its personal jurisdiction and venue objections, Defendant has not demonstrated irreparable harm or a high probability of success on the merits of its appeal.

---

**2.** Defendant suggests that it had insufficient time to adequately prepare and set forth its jurisdictional defense. Def. Reply to Motion to Dismiss at 9–10. The Court notes that service by hand of the Complaint and preliminary injunction papers was accepted on behalf of Defendant on October 7, 1994. *See* Pl. Certificate of Service. Defendant was permitted 10 days, until October 17, 1994, rather than the five days specified by Local Rule 205(c), to file its opposition to the motion for preliminary injunction. The hearing was

held on October 19, 1994, within 20 days of the filing of the motion for preliminary injunction as required by Local Rule 205(d). No continuance was requested prior to the filing of Defendant's opposition or the hearing on the preliminary injunction. Defendant had sufficient time to apprise itself of the jurisdictional questions so as to raise preliminary matters such as defective service, personal jurisdiction and venue by a motion to dismiss or otherwise.

By this motion, Defendant belatedly requests the Court to restore the status quo as it existed prior to the grant of the preliminary injunction. Since the Court issued the injunction, however, the status quo has changed dramatically. Offshore has withdrawn its Informal Objection and the FCC administrative process has advanced. The FCC granted Plaintiff's assignment application and published a public notice of its approval. The Court cannot return this case to its original condition. It is significant that the Court issued its Order on Friday October 21, 1994, giving Defendant until the close of business on the following Monday, October 24, 1994, so that it might seek a stay before the status quo changed. It did not do so. Indeed, Defendant waited a full 17 days from the date the Court granted the injunction until it sought a stay pending appeal. To stay the injunction pending appeal at this stage would lead to the very delay in the administrative process, and cause the irreparable harm, that the Court sought to prevent by granting Plaintiff's Motion for a Preliminary Injunction. The Court therefore denies Defendant's Motion For Stay Pending Appeal.

Finally, Defendant's Motion To Continue The Rule 26(f)/206 Conference And Report To The Court falls within that category of matters that are unrelated to the appeal. Plaintiff does not oppose a continuance. The Court, therefore, will grant a continuance of the Rule 206 Conference and Report to the Court.

Accordingly, for the reasons stated above, it is hereby

ORDERED that Defendant's Motion to Dismiss Barnstead's Complaint for lack of personal jurisdiction and improper venue is DENIED; it is

FURTHER ORDERED that Defendant's Motion for Clarification of Preliminary Injunction is GRANTED. Defendant may provide the Federal Communications Commission, members of the public and the press with copies of the formal papers filed in this case, all of which are a matter of public record; it is

FURTHER ORDERED that Defendant's Motion To Dissolve The Preliminary Injunction Or, In The Alternative, For Stay Of Preliminary Injunction Pending Appeal and Defendant's request for oral argument on the motion are DENIED; and it is

FURTHER ORDERED that Defendant's Motion To Continue The Rule 26(f)/206 Conference And Report To The Court is GRANTED and the Rule 206 Conference is continued until further order of the Court.

SO ORDERED.